[No. 14121.　In Bank. —May 5, 1892.]

WILLIAM FORSYTH, Respondent, v. D. C. DUN-
NAGAN et al., Appellants.

Dedication of Highway — Offer not Accepted — Revocation. — Where
the owners of a tract of land made and recorded a map of the tract, by
which it was subdivided and laid out in streets and lots, and marked the
location of the streets upon the ground, and united in a deed to the
county by which they conveyed the roads so laid out, upon the express
consideration that the county should "accept, declare, duly establish,
and use the same as public highways," and the terms were never ac-
cepted or complied with until after the lapse of ten years and after the
offer had been effectually revoked, a dedication of the land to the pub-
lic as a highway is not shown.

Id. — Opening of Road — Injunction Suit — Evidence. — In an action
to enjoin the opening of a road, evidence of the value of vines planted
upon the strip sought to be taken, as well as the value of the strip itself,
is immaterial, and it is not error for the court to exclude such evidence.

Appeal from a judgment of the Superior Court of
Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. D. Tupper, H. H. Welch,* and *Frank H. Short,* for
Appellants.

The filing of the map, and the conveyance of the land
in accordance therewith, constituted an irrevocable dedi-
cation to the public. (*San Leandro* v. *Le Breton,* 72 Cal.
170–177; *Board of Commissioners* v. *Wilgus,* 42 Kan. 457.)

*Church & Cory,* and *E. F. Preston,* for Respondent.

The mere fact of filing the map and having it recorded
is merely an offer of dedication, which offer does not be-
come effectual until its acceptance by the public. (*Hay-
ward* v. *Manzer,* 70 Cal. 476, and cases cited.) The offer
may be accepted either by user on the part of the public
or by an acceptance by the constituted authorities.
(*People* v. *Reed,* 81 Cal. 70; 15 Am. St. Rep. 22.) Until
the offer is accepted by user or otherwise, it is revocable,
at the will of the person making the offer. (*Hayward* v.
*Manzer,* 70 Cal. 476, and cases cited; Washburn on Ease-

ments, p. 195, sec. 20.)    A subsequent conveyance of the
land in controversy before any acceptance by the public
or by the authorities operates as a complete revocation
of the offer to dedicate.    (*City of Eureka* v. *Croghan*, 81
Cal. 524.)    If any right in and to the property had
vested in the public, and the property had been conveyed
in a body, and had been fenced and occupied for more
than five years before the acceptance by the public, all
right in the public was cut off and barred by the statute
of limitations.    (*Phillips* v. *Day*, 82 Cal. 24; *McRose* v.
*Bottyer*, 81 Cal. 122.)    As the road had not been laid out
at the time of the deed to the plaintiff, the reservation
therein amounted to nothing.    A reservation in a deed
to a stranger is absolutely void.    (*Strasson* v. *Montgom-
ery*, 32 Wis. 52; *Bridger* v. *Pierson*, 45 N. Y. 601; *Munn*
v. *Worrall*, 53 N. Y. 44; 13 Am. Rep. 470.)    Neither was
the reservation an acknowledgment of rights of the state.
(*Walrath* v. *Redfield*, 18 N. Y. 457.)

BEATTY, C. J. — This is an action to enjoin the de-
fendants — the members of the board of supervisors and
a district road-master of Fresno County — from opening
a road through the land of the plaintiff.

By the judgment of the superior court a temporary
injunction was made perpetual, and defendants appeal
from the judgment, and from the order denying their
motion for a new trial.

There is but little controversy as to the facts of the
case.    It appears that in the year 1878, F. Roeding was
the owner of section 32 of a certain township in Fresno
County.    In conjunction with the owners of the adjoin-
ing sections, 31 and 32, he caused to be made and
recorded a map of the entire tract, by which it was sub-
divided into twenty-acre lots, with streets and roads ex-
tending through it north and south, and east and west.
On this plat or map so recorded, the tract was designated
as the "Nevada Colony," and the design was to sell the
lots to settlers.    Besides marking and recording the map,
the owners caused ditches to be dug on each side of the

streets as surveyed, thus marking their location on the ground, and in January, 1879, they united in a deed to the county of Fresno, by which they conveyed the roads so laid out to said county. But said conveyance was upon the express consideration that the county should "accept, declare, duly establish, and use the same as public highways." Among the roads so laid out and conveyed was a strip of fifty feet in width extending north and south between the southwest and southeast quarters of said section 32. The county never in any way accepted said conveyance or did anything in compliance with its conditions until April, 1888, at which time the board of supervisors adopted a resolution declaring said streets and avenues public highways. At a subsequent date they ordered the county surveyor to lay out a road twenty-five feet on each side of the half-section line, extending north and south through said section 32, and thereafter directed the road-master of the district to open the road to the public, which he was proceeding to do in obedience to such direction when enjoined in this action.

The plaintiff herein is owner of the southwest quarter of section 32, by grant from F. Roeding dated December 6, 1881. In this grant the land conveyed is described as being a portion of the Nevada Colony, and it is made "subject, nevertheless, to the right of way of the public over such portions of the land herein granted as may fall within any road laid out on such land," etc. The southeast quarter of said section was conveyed to one Pugh, subject to the same reservation or exception. It does not appear that at the date of these conveyances the street or road in question had ever been opened or actually used by the public as a highway, or that Roeding or the proprietors of sections 31 and 32 had ever made any conveyances of lots or land in the Nevada Colony according to the recorded plat. An offer was made at the trial to prove the conveyance of a lot in section 33 according to said plat, but at what date — whether before or after the conveyances to plaintiff and Pugh — does not appear. Such being the case, plaintiff

and Pugh inclosed the entire half-section, obliterated the ditches defining the road or street between them, and the plaintiff, four years before the supervisors adopted their resolution declaring the road and avenues of the Nevada Colony public highways, planted the southwest quarter of section 32 in vines up to the half-section line, or in other words, he had planted in vines the twenty-five foot strip on the east side of this quarter-section which is embraced in the street or road as originally laid out through the section.

It will be seen from this statement of the case that the principal question involved is, whether the strip of land in controversy has been dedicated to the public as a highway.    We do not think the facts show a dedication. The deed to the county was a mere offer of dedication upon terms and conditions never accepted or complied with until long after the lapse of a reasonable time, and after the offer had been effectually revoked.

So, also, the survey, marking, platting, and recording of the lands designated as the Nevada Colony was a mere offer to dedicate, revocable at the will of the proprietors or their successors until acceptance or user by the public, or conveyance by them of lots or blocks by reference to the streets.    No such acceptance or user or conveyance occurred prior to the conveyance to plaintiff and Pugh, and the reservation or exception therein contained amounted to nothing, for the reason that the public had at that date no right of way over the land.    After the conveyance to him of said southwest quarter, plaintiff might have kept the pending offer of dedication open, or might have renewed it if he had chosen to do so, but he did not.    On the contrary, he and Pugh very clearly manifested their intention to revoke it by inclosing and planting the space laid out as a road.

On the facts disclosed by the pleadings and evidence, we think the findings and conclusions of the superior court are clearly correct, because there was no acceptance or user of this road while the offer to dedicate was open, or within a reasonable time after it was made.

There are some errors assigned upon rulings of the superior court excluding offered evidence, but they are without merit. The court did not err in excluding evidence of the value of the vines and of the strip of land sought to be taken. Such value was wholly immaterial. If the roadway had been dedicated, the defendants had a right to open it, no matter how valuable the lands and vines. If it had not been dedicated, the plaintiff had a right to resist the appropriation, no matter how worthless the lands and vines.

In the absence of any proof or offer to prove conveyance of lots by reference to the recorded plat of the Nevada Colony prior to the conveyance to plaintiff, the offer to prove the manner in which the system of roads therein laid out connected with other roads was irrelevant and was properly refused. A ruling of the court excluding evidence of a user of the road in question is specified as error. Counsel for appellant does not refer to the folio or page where such ruling is to be found, and I have failed to find it. There is evidence of the laying out and marking of the road in question and of other roads, both on the ground and on the recorded map, but no evidence or offer of evidence of any user by the public of this road.

We find no error in the record, and the judgment and order are therefore affirmed.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J., GAROUTTE, J., PATERSON, J., and HARRISON, J., concurred.