THE PEOPLE'S GAS LIGHT AND COKE COMPANY, Appellee,
*vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed October 26, 1912.*

1. DEDICATION—*owner may annex conditions to his voluntary grant.* The owner of land, when making a voluntary dedication to the public, may annex conditions at his pleasure, provided they are not inconsistent with the dedication and will not defeat the grant; and if such a dedication is accepted by the public the conditions must be complied with or the dedication may be revoked.

2. SAME—*what words on plat show conditional offer to dedicate land for alley.* Where all of the strips marked "alleys" on a plat are sixteen feet wide but on the two boundaries of the subdivision there are strips across the rear of the lots marked "eight feet for half alley," such words must be held to indicate an intention to dedicate the eight feet provided the other eight feet necessary for the alley are acquired, and if not so acquired the offer to dedicate may be revoked, as to the public, by deed of vacation.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, (JAMES G. SKINNER, and HENRY A. BERGER, of counsel,) for appellant.

SEARS, MEAGHER & WHITNEY, (NATHANIEL C. SEARS, and JAMES F. MEAGHER, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The sole question involved in this case is the title to a strip of land eight feet wide, extending north from West Byron street to an alley and forming the eastern boundary of lots 6 to 22, inclusive, of Sherman's subdivision of block 21. The strip in question is claimed by the People's Gas Light and Coke Company and also by the city of Chicago. The controversy arose in the following manner: The gas company, claiming to be the owner in fee of

lots 6 to 22, inclusive, and the eight-foot strip on the east end of the said lots, commenced the construction of a gas reservoir or holder partly upon said lots and partly upon said eight-foot strip, and thereupon the city of Chicago, through its police officers, interfered and stopped the erection of said structure, upon the claim set up by the city that the eight-foot strip was a public alley owned in fee by and under the control of the city. The People's Gas Light and Coke Company filed a bill in equity to enjoin the city from interfering with the erection of the reservoir. The answer of the city to the bill presented only the question of title to the eight-foot strip. Upon a hearing the court below found the issues for the gas company, and entered a decree perpetually enjoining the city from interfering with the erection of said reservoir. A freehold being involved, the case is brought direct to this court upon the appeal of the city.

The facts, which are not in dispute, are as follows: In 1896 Harriet E. Sherman, being the owner of block 21 of Grayland, being a subdivision of the north-west quarter of section 22, township 40, north, range 13, east, (except ten acres in the north-east corner thereof,) made a subdivision and filed a statutory plat thereof, which was duly recorded July 28, 1896, in the recorder's office of Cook county. Said plat was executed in conformity to the statute relating to plats. On the said plat the eight-foot strip in controversy was designated "eight feet for half alley." Appellee by a regular chain of conveyances owns all of the lots bounded by said eight-foot strip, none of which are improved. No question is involved respecting the rights of purchasers of lots with reference to this eight-foot strip as shown upon the plat. There is some evidence tending to show that said eight-foot strip was occasionally used as a driveway, but there is no evidence of any formal acceptance of it as a public way by the city, and no evidence that the city ever took any steps to acquire, by condemna-

tion or otherwise, additional land to increase the width of said supposed alley to sixteen feet. Three alleys are shown upon the face of this plat, running east and west, each of which is shown to be sixteen feet wide, and they are designated on the plat as "alley." On the western boundary of the subdivision is another eight-foot strip, which is marked "eight feet for half alley." On August 2, 1909, Herman Zitzewitz, being then the owner of all the lots in said subdivision and the owner of the reversion in all the streets and alleys shown on the plat, made a statutory vacation deed vacating that portion of the plat embracing the eight-foot strip in question and the lots bounded by it, which said deed of vacation was duly recorded and in all respects complies with the statute relating to vacation deeds. Appellee acquired the title of Herman Zitzewitz after the vacation deed was executed.

Under these facts appellant contends that the making and recording of the plat, with the eight-foot strip designated as "eight feet for half alley," were an unconditional dedication of said strip to the public and vested the fee in the city, and that the vacation deed did not have the effect of divesting the title thus acquired by the city. On the other hand, the appellee contends that the plat should be construed as a mere offer on the part of the owner to dedicate one-half (or eight feet) for a part of an alley upon the implied condition that the land for the other half should be acquired so as to make an alley sixteen feet wide. The whole matter turns on the construction to be given to the words "eight feet for half alley," found upon this plat.

The law is well settled that the owner, in making a voluntary dedication of his property to the public, may annex conditions and limitations to his grant at his pleasure, provided such limitations and conditions are not inconsistent with the dedication and will not defeat the operation of the grant. (Elliott on Streets, sec. 148, and cases there

cited.) Thus, the owner may make his dedication conditional on the making and maintenance of improvements on the property dedicated. (*Princeton* v. *Templeton,* 71 Ill. 68.) He may reserve a right of way over the property dedicated for a railroad or the right to plow up and temporarily interfere with the use of a highway. (13 Cyc. 460.) When a dedication to the public is made upon a condition, it must be accepted, if at all, subject to such reasonable conditions as the donor has seen fit to impose. (Elliott on Streets, *supra.*) The donor in such case may revoke the dedication if the conditions are not complied with, (*Forsyth* v. *Dunnagan,* 94 Cal. 438,) and such revocation may be effected by taking possession and appropriating the premises to the use of the donor. (*Trustees* v. *Walsh,* 57 Ill. 363.) In the case last above cited a plat had been made upon which the streets were marked eighty feet wide. At one place the plat showed a strip thirty-three feet wide. The evidence of one of the proprietors who made the plat showed that the thirty-three feet were left with the intention of forming a part of a street eighty feet wide provided the balance of the street was obtained from adjacent owners, but that no one took any action in reference to obtaining the ground necessary to make a street eighty feet wide. This was held to be a conditional dedication, and the owner was sustained in appropriating the thirty-three-foot strip to other purposes in default of a compliance with the condition. There the owner was permitted to testify as to his intention; here the intention must be gathered from the plat itself. As already shown, all the alleys on this plat are sixteen feet wide. Leaving a strip eight feet wide along the two boundaries of the subdivision and marking them "eight feet for half alley," clearly indicates to our minds that the dedicator contemplated that there should be alleys sixteen feet wide at these places and that he was willing to donate one-half of the land for such an alley. At all places on the plat where

the dedicator owned the land on both sides he made the alleys sixteen feet. The places where he left only eight feet were on the boundary lines of his subdivision. We can see how an owner would be willing to donate eight feet of his land in order to have an alley sixteen feet wide opened at the rear of his lots, while he would not be willing to give anything for an alley only eight feet wide. It must be borne in mind that this supposed alley ran across the rear end of seventeen lots which faced on North Forty-seventh avenue. It is reasonable to suppose that the dedicator contemplated, at the time the plat was made, that these lots would be improved for residence purposes; that naturally the entrance to the several lots for wagons delivering fuel and other things to the residences would be from the alley, and that in order to accommodate the needs of lot owners in this respect it would be necessary to have an alley sufficiently wide for wagons to turn into and out of the lots. Whatever may have been the reasoning that influenced the donor to specify on the plat "eight feet for half alley," we think it is clear that there was not an unconditional intent to vest the title to these eight feet in the public, and that this is manifest from the face of the plat itself. In this view, the question of acceptance by the city is not important unless such acceptance carried with it a compliance with the conditions. The city had no right to accept the dedication, as against the owner, without complying with the conditions, and it is conceded that if there is a condition here it has not been complied with.

The decree of the court below was in accordance with these views, and it will be affirmed.    *Decree affirmed.*