JOHN H. HARRIS, Appellant, *v.* JOSEPH L. SHAW et al., Appellees.

### APPEAL FROM TAZEWELL.

If a party, by a deed absolute in its terms, conveys premises, with covenants of warranty, to commissioners and their successors in office, for the use of a county for-

ever, in consideration of one dollar, and that the county seat had been located on the said premises, he cannot recover them back if the legislature shall subsequently change the county seat to another part of the county.

Had the land been granted upon condition that it should be used for a particular purpose, *it might revert to the donor when it should cease to be thus used.*

THIS was an action of ejectment, brought by the plaintiff in error against the defendants in error, in the Circuit Court of Tazewell county, for the recovery of " that part of the addition made by the county of Tazewell to the town ˙of Tremont, in said county, known as the public square, together with the buildings thereon," and being part of the north-west quarter of section 19, township 24, north range 3 west of third principal meridian.

The declaration is in the usual form, and contains two counts. The first describing the premises as above. The second describing the premises by metes and bounds.

At the April term, A. D. 1851, the defendants pleaded the general issue in the usual form, to which the " similiter" was added by plaintiff. The case was, by consent, tried by the court, upon the following agreement of the facts of the case.

That prior, and up to, the 1st day of December, A. D. 1835, the plaintiff was the owner in fee of the premises in the declaration described, and also of the whole of west half of the north-west quarter of section 19, in township 24, north of range 3 west of the third principal meridian, which eighteen-acre tract embraces the land in controversy in this suit. That on the day last aforesaid, the plaintiff, together with his wife, conveyed said premises in said declarations described to the county of Tazewell by deed, in the words and figures following, to wit:

| | | |
|---|---|---|
| John H. Harris, | ⎫ | Deed recorded |
| to | ⎬ | |
| Thomas F. Railsback et al. | ⎭ | December 12th, 1851. |

This indenture, made the first day of December, in the year of our Lord one thousand eight hundred and thirty-five, between John H. Harris and Catharine his wife of the one part, and

Thomas F. Railsback, Thomas Fletcher, and Richard N. Cullom, Esquires, county commissioners for Tazewell county, or their successors in office, whatever name they may be called, of the second part, (all the parties to these presents being of the county of Tazewell, and State of Illinois,) witnesseth, that whereas the honorable the Legislature of the State of Illinois, did, in an act passed at its last session, appoint commissioners to locate the said seat of justice on the land of any person or persons, who might be the owners thereof, provided such person or persons, being the proprietors thereof, shall donate and convey, with covenants of general warranty, to the county commissioners of said county, for the sole use and benefit of the said county of Tazewell, a quantity of land not less than twenty acres.

Now, in consideration of the location of the said seat of justice having been made upon the premises hereinafter described, and also, for and in consideration of the sum of one dollar to me in hand paid, by the said county commissioners of Tazewell county, the receipt whereof is hereby acknowledged, I have given, granted, aliened, enfeoffed, and confirmed, and by these presents do give, grant, aliene, enfeoff, and confirm unto the said county commissioners for Tazewell county, and to their successors in office, by whatever name they may be called, twenty acres of land, situate, lying, and being in the north-west quarter of section number nineteen, town twenty-four north, and range three west, which twenty acres of land is more particularly described as follows, to wit:

Commencing at a post two hundred feet south of the south line of Tremont, and centre of James street, and running from thence east twenty poles, thence south eighteen poles, thence west forty poles, thence north eighty poles, thence east twenty poles to the place of beginning, to have and hold the same, and all and singular the premises above mentioned, and every part and parcel thereof, with the appurtenances, unto the said county commissioners for Tazewell, or their successors in office, and to the only proper use and behoof of the said county of Tazewell forever. And the said John H. Harris, for himself and his heirs, forever will warrant and defend the above-described premises, and every part thereof from the claim of him, the said John H.

Harris or his heirs, against the claim or claims of all and every other person or persons whatever.

In witness whereof we have hereunto set our hands and seals, the day and year first above written.

JOHN H. HARRIS, [L. S.]
CATHARINE H. HARRIS. [L. S.]

*Benjamin Briggs, Tazewell County*, ss.     *Theodore Harris, Tazewell County*, ss.

On the fifth day of December, 1835, before me, Benjamin Briggs, one of the justices of the peace in and for the said county, came the above-named John H. Harris and Catharine his wife, both personally known to me to be the same whose names are signed to the above indenture, and acknowledged the same to be their free act and deed, for the purposes therein expressed, and desired that the same might be recorded as such, the said Catharine being of full age, and by me duly examined separate and apart from her said husband, and the contents hereof being first made known to her, declared that she did reluctantly sign, seal, and deliver the foregoing deed of bargain and sale, and does hereby make a voluntary relinquishment of her right of dower, to and in the foregoing-described premises or any part or parcel thereof; and that the same has been done without any fear, threat, or compulsion of her said husband.

In testimony whereof I have hereunto set my hand and seal the day and year first above written.

BENJAMIN BRIGGS,
*Justice of the Peace for Tazewell County.*

That the act of the General Assembly, referred to in said deed, shall be considered as in evidence in this cause; that after said conveyance to said county, said county erected a court-house on the public square mentioned in the declaration, and used and occupied it as a seat of justice until the 20th day of July, A. D. 1850. During which time said Harris caused a large portion of said eighty acres to be laid out into town lots, and sold many of said lots to divers persons, and received pay for the same; that on the 2d day of February, A. D. 1849, the General As-

sembly of the State of Illinois passed an act entitled " An act to provide for the location of the county seat of Tazewell, and the erection of public buildings," which act at full length is to be considered as in evidence in this cause ; that in pursuance of said last mentioned act, an election was held at Tremont, and by which election it was decided to remove the county seat of Tazewell from Tremont to the town of Pekin ; that in pursuance of said decision and the law last aforesaid, a court-house was erected in Pekin, by the citizens thereof, and vicinity, and the seat of justice of said county, was in fact transferred from the old court-house on the premises in the said declaration described, to said new court-house in Pekin, on the 20th day of July, A. D. 1850, where it has ever since remained as a permanent location ; that for the purpose of conveying the said premises according to the 7th section of the act last aforesaid, the County Court of Tazewell county, and the county of Tazewell, by Benjamin F. James, a county commissioner, commissioned by the supervisors of said county, duly appointed, on the 21st day of August, A. D. 1850, made and procured to be made, deeds in the words and figures following, to wit :

This indenture, made and entered into this, the twenty-first day of August, in the year of our Lord one thousand eight hundred and fifty, between Benjamin F. James, Joseph Stewart, and Lawson Holland, judges of the County Court of Tazewell county, and State of Illinois, of the one part, and Joseph L. Shaw, Wells Anderson, Lyman Porter, Thomas P. Rogers, and William S. Mans, of the county of Tazewell, and State of Illinois, of the other part, witnesseth, that whereas, on the second day of February, in the year of our Lord one thousand eight hundred and forty-nine, a law was enacted by the people of the State of Illinois, represented in General Assembly, for the re-location of the county seat of Tazewell county, and the erection of public buildings, which act, among other things, provided, if said seat of justice should be removed to Pekin, the County Court of Tazewell county was authorized and empowered, and made the duty of said court, to convey by deeds of trust, to Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, the court-

house in Tremont, for the use of the inhabitants of the county of Tazewell, to be used and occupied exclusively for the purpose of education; and whereas, also, the said seat of justice having been removed to Pekin, according to the tenor and effect of said law, now, therefore, the said Benjamin F. James, Joseph Stewart, and Lawson Holland, judges of the County Court as aforesaid, and by virtue of their authority, and in consideration of the premises and one dollar to them in hand paid, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, and convey, unto Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, and their successors in office, forever, all that certain tract of land on which the court-house is situated, in the county addition to the town of Tremont, together with all and singular the said court-house, the hereditaments and appurtenances thereunto belonging or in any wise appertaining, to have and to hold, to receive and take the same to the said Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, and their successors in office, to the proper use and behoof of the said Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, forever, in trust, however, and to the interest and purpose that the said Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans shall hold the court-house aforesaid for the use of the inhabitants of the county of Tazewell, for the purposes of education.

In testimony whereof, we, Benjamin F. James, Joseph Stewart, and Lawson Holland, judges of the County Court aforesaid, have hereunto set our hands and seals, this the twenty-first day of August, in the year of our Lord one thousand eight hundred and forty.

BENJAMIN F. JAMES, [L. S.]
LAWSON HOLLAND,   [L. S.]
JOSEPH STEWART,   [L. S.]

*State of Illinois, Tazewell County*, ss.

I, William B. Parker, notary-public, in and for the county aforesaid, do hereby certify, that Benjamin F. James, Joseph

Stewart, and Lawson Holland, whose names appear as having executed the same, this day personally appeared and acknowledged (they all being personally known to me) that they had signed, sealed, and delivered the same for the uses and purposes therein expressed.

Given under my hand and seal of office, this the 21st day of August, in the year of our Lord, one thousand eight hundred and fifty.

WILLIAM B. PARKER, *Notary-Public.* [L. S.]

This indenture, made and entered into this the twenty-first day of August, in the year of our Lord one thousand eight hundred and fifty, between Benjamin F. James, of the county of Tazewell, and State of Illinois, a special commissioner appointed at the August special session of the Board of Supervisors of the county of Tazewell, and State of Illinois, of the one part, and Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, of the county and State aforesaid, of the other part, witnesseth, that, whereas, on the second day of February, in the year of our Lord one thousand eight hundred and forty-nine, a law was enacted by the people of the State of Illinois, represented in the General Assembly, for the re-location of the county seat of Tazewell county, and the creation of public buildings; which act, among other things provided, if said seat of justice should be removed to Pekin, the County Court of Tazewell county was authorized and empowered, and made the duty of said court to convey by deeds of trust to Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, the court-house in Tremont, for the use of the inhabitants of the county of Tazewell, to be used and occupied exclusively for the purposes of education; and whereas, also, the said seat of justice having been removed to Pekin, according to the tenor and effect of said law; now therefore the said Benjamin F. James, commissioner as aforesaid, and by virtue of said authority, and in consideration of the premises, and the sum of one dollar, to him in hand paid, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, and donate and convey unto Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans,

and their successors in office forever, all that certain tract of land on which the court-house is situated, in the county addition to the town of Tremont, together with all and singular the said court-house, hereditaments, and appurtenances thereunto belonging, or in any wise appertaining, to have and to hold, to receive and to take the same to the said Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, and their successors in office, to the forever use and behoof of the said Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, and their successors in office forever; in trust, however, and to the interest and purpose that the said Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans, shall hold the court-house afore-said, for the use of the inhabitants of the county of Tazewell, for the purpose of education.

In testimony whereof I, Benjamin F. James, commissioner as aforesaid, have hereunto set my hand and seal, this twenty-first day of August, in the year of our Lord one thousand eight hundred and fifty.           BENJAMIN F. JAMES, *Com'r.*

*State of Illinois, Tazewell County,* ss.

I, William B. Parker, a notary public in and for the county aforesaid, do hereby certify, that on this day personally appeared before me Benjamin F. James, whose name appears subscribed to the foregoing deed of conveyance, as having executed the same, and who I personally know to be the real person who and in whose name the acknowledgment is proposed to be made, and acknowledged the execution thereof as his act and deed, for the uses and purposes therein expressed.

Given under my hand and seal of office, this the twenty-first day of August, in the year of our Lord one thousand eight hundred and fifty.

WILLIAM B. PARKER, *Notary-Public.* [L. S.]

That the persons in fact executing said deeds had at the time of executing them all the authority to do so that the county might or could confer; that in pursuance and by the authority of said deeds, and the law last aforesaid, the defendants took

possession of the premises described in the first count of the declaration, which possession they held at the time of the commencement of this suit, and still hold.

On the foregoing state of facts the court is to render judgment, and the unsuccessful party is to be considered as having duly excepted to said judgment, and to be allowed to appeal without bond to the Supreme Court sitting at Springfield; and it is further agreed, that the clerk in making up a transcript of the record to send to the Supreme Court, shall only insert therein the declaration, the plea and joinder, this agreement, with the deeds in their proper places, and the judgment of the court in the cause.

And now afterwards, to wit, on the eighth day of said term of said Circuit Court last aforesaid, being the 18th day of said month of September, the following proceedings were had in the cause:—

*John H. Harris* v. *Joseph L. Shaw, Wells Andrews, Lyman Porter, Thomas P. Rogers, and William S. Mans.*

This cause having been submitted to the court for trial upon the within agreement of the parties, and the court being now fully advised in the premises, doth find the defendants not guilty of unlawfully withholding the possession of the premises in the plaintiff's declaration mentioned; wherefore, it is considered and adjudged by the court, that the said defendants have and recover of the said plaintiff their costs and charges by them in this suit expended, and that execution issue therefor.

Wherefore, the plaintiff prays an appeal to the Supreme Court, which is allowed according to the agreement filed in this cause. The error assigned is,

The court erred in finding for the defendants and giving judgment in their favor, and in not finding for the plaintiff and giving judgment in his favor for the recovery of the premises.

S. T. Logan, A. Lincoln, and Stuart & Edwards, for appellant.

N. H. Purple, for appellees.

TRUMBULL, J.   The deed from Harris to the county commissioners of Tazewell county is absolute in its terms, and conveys the premises in question, with covenants of warranty, to them and their successors in office, for the use of said county forever. It purports to have been made in consideration of the county seat, having been located upon the premises, and of one dollar, the real consideration no doubt being the location of the county seat upon an eighty-acre tract of land, of which Harris was the owner.   The legislature, by the act of February 12, 1835, appointed commissioners permanently to locate the seat of justice of Tazewell county, with authority to locate the same on private property, upon condition that the proprietor thereof should donate and convey to the county commissioners of said county, for the use thereof, a quantity of land not less than twenty acres, upon which to erect the public buildings, with covenants of general warranty; otherwise the location was to be made upon public land in said county.   When Harris made this conveyance, he did so under this law.   He accepted the proposition made to him by the commissioners under the law, believing, no doubt, that he would be amply compensated for the twenty acres by the increased value which the location of the county seat would give to the balance of the eighty-acre tract which he still owned, and he seems not to have been disappointed in his expectations; for the record shows that he subsequently laid out a large portion of the tract into town lots, many of which he sold and received the money for.   He now seeks to recover back the twenty acres, upon the ground that the county seat, after remaining for fifteen years, as located in 1835, was in 1850 removed to the town of Pekin, under an act of the legislature, passed February 2, 1849.   It was no part of the contract made between Harris and the county in 1835, that the county seat should forever remain as then located; on the contrary he must have known, when he made the deed, that the legislature at that time possessed the power to change the location of county seats at pleasure.   He must, therefore, be considered in legal contemplation as having made the deed in view of the liability, at least, of a change of the county seat at some future time.

Had the land been granted upon condition that it should be

used for a particular purpose, it would unquestionably have reverted to the donor when it ceased to be thus used. But it was competent for the legislature to make it a condition precedent to the location of the county seat upon the land of any individual, that he should convey twenty acres of the tract in fee-simple absolute to the county. The owner was not obliged to accept such a proposition, but having done so, and made his deed accordingly, he cannot complain when the legislature, to promote the public good, and in the exercise of an undoubted right, subsequently provide for a change of the county seat.

The record shows that the twenty acres have not been converted to private purposes, but the court-house, in accordance with a provision contained in the act under which the county seat was changed, has been conveyed to trustees for the use of the inhabitants of the county of Tazewell, to be used and occupied exclusively for the purpose of education, and it may be questionable whether the plaintiff may not derive as great a benefit from the new use to which it has been appropriated, as if it had continued to be used as a court-house; but be that as it may, the case comes directly within the decision of this court in the case of Adams *v.* The County of Logan, 11 Illinois, 336, and the judgment must be affirmed.

*Judgment affirmed.*