[Hunter *et al.* v. Murfee *et al.*]

# Hunter *et al. v.* Murfee *et al.*

## *Statutory Action of Ejectment.*

1. *Construction of deed; when its conveys a fee simple and not an estate on condition.*—Where a deed conveys to certain named persons, "The Trustees of the Howard College and their successors in office," certain specifically described lands, "to have and to hold the aforgranted premises to the said trustees of the Howard College and their successors in office for the use of said college," and there is in said deed no other words to show a limitation upon the grant, there is conveyed by said instrument a fee simple absolute title, and not an estate on condition or base fee.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN C. ANDERSON.

This suit was brought by the appellants, Julia Hunter and Olive Herndon, against the appellees, J. T. Murfee and The Trustees of the Marion Military Institute.

It is an action of ejectment to recover an undivided one-half interest in the lots and buildings, situated in Marion, in said county, known as the Howard College buildings, now occupied and used by the defendant, J. T. Murfee, as the Marion Military Institute. The plaintiffs are the granddaughters of John and Julia Barron and their sole surviving heirs at law.

The lot in controversy was sold and conveyed by plaintiffs' ancestor, John Barron, to certain parties in said deed named as "Trustees of the Howard College," then a corporation under the laws of Alabama, under the name of "The Trustees of Howard College," on the 16th day of November, 1854, for the recited consideration of $300, and a copy of the original deed is set out in the bill of exceptions.

The original grantees named in the deed are all dead. After the purchase of this lot, the buildings, consisting of two dormitories and the lec-

ture hall, were erected thereon and thereafter continuously the said buildings and lots were used as a college for males up to the summer of 1887, when Howard College was moved to East Lake in Jefferson county.

Prior to the change of location of Howard College, a judgment was obtained in the circuit court of Perry county against Howard College; execution was issued on said judgment and levied on said lot and buildings by the sheriff of Perry county, and the lots and buildings were sold by the sheriff to satisfy said judgment and costs, on the 9th day of April, 1884, and at said sale W. W. Wilkerson and Jesse B. Lovelace became the purchasers; and a deed was executed and delivered to them. They rented said buildings to Howard College and said college continued to use them under a contract of renting from the purchasers, until July 13th, 1886, when said Wilkerson and Lovelace conveyed said lots and buildings to Howard College by deed; that afterwards, and in the year 1887, The Howard College was moved from Marion to East Lake, and thereupon Wilkerson and Lovelace again took possession of said lots, and then the Marion Military Institute was established under the charge of James T. Murfee, and subsequently said Wilkerson and Lovelace conveyed it to the Baptist church; and the Marion Military Institute, under J. T. Murfee, for the education of males, is now in charge of said lots.

In the deed of John Barron and wife the habendum clause contains the following language: "To have and to hold the aforegranted premises to said Trustees of the Howard College and their successors in office to the use of Howard College." It is on this clause that the plaintiffs base their rights to recover; claiming that under this deed, when Howard College was moved to East Lake, this property reverted to the original grantors and their heirs.

Upon the introduction of all the evidence the court refused to give at the request of the plaintiffs, the general

[Hunter *et al.* v. Murfee *et al.*]

affirmative charge in their behalf, and gave the general affirmative charge in favor of the defendants, at their request.　To each of these rulings the plaintiffs separately excepted.

There were verdict and judgment for the defendants. The plaintiffs appeal, and assign as error the refusal to give the general affirmative charge requested by the plaintiffs and the giving of the general affirmative charge requested by the defendants.

DEGRAFFENRIED & EVINS, for appellants.—Whatever the rule was formerly as to the construction of written instruments, not only wills but all writings, it is certain that the modern guide to construction is to discover the intention of the maker, and if that intention is not illegal, to give it effect.　To carry out that rule of construction it is also the law that when a writing is susceptible of two constructions, one of which gives meaning and effect to every word and every clause in the writing, that construction is to be adopted in preference to that which leaves some clause or some word without effect and meaning, on the idea that the maker of the writing meant what he said and used the words to convey and express his meaning.—*Robinson v. Railway Co.*, 10 Atlantic Rep. 522; *Flaten v. City of Moorhead*, 53 N. W. Rep. 807.　The contention of appellants in the court below and in this court is that the estate is one in fee simple base.　If in the construction of the said deed, the words, "to the use of said college," are considered, the estate cannot be a fee simple, for, if considered, they clearly limit the estate, and whatever it is, it is not a fee simple absolute.　"A fee simple is a pure inheritance, *clear of any qualification or condition.* * * * It is an estate of perpetuity, and confers an unlimited power of alienation, and no person is capable of having a greater estate or interest in land. Every restraint upon alienation is inconsistent with the nature of a fee simple; and if a partial restraint be annexed to a fee * * * it ceased to be a fee simple and becomes a fee subject to a condition."—Kent's Com. (13th ed.), p. 5.　The

[Hunter *et al.* v. Murfee *et al.*]

estate is one in fee simple base. Commencing at the source, this character of estate is defined by Blackstone to be "such a one as hath a qualification subjoined thereto, and which must be determined, whenever the qualification annexed thereto is at an end."—1 Blackstone, Book 2, p. 109; 4 Kent's Com. 10.

"The essential characteristic of the estate is that it is dependent for its existence and continuance upon the concurrence of collateral circumstances, and it makes no difference as to its character whether the circumstance upon which a particular estate depends be the continued existence of a certain line of descent, or the continued possession by the grantee and his heirs of a certain manor, or *the continued use of the granted premises for the purpose to which they were devoted by the deed creating the estate.*"—2 Lead. Cases Amer. Law Real Property, p. 19. "The qualifications which may be attached to a base fee may be of one of two kinds. It may be a qualification which attaches itself *to the use of the land itself*, so that the estate is held to be granted for that use and purpose only, so that on the cessation of the use the estate expires."—2 Lead. Cases Amer. Law Real Property, p. 20; *Board of Education of Van Wert v. The Inhabitants, etc.*, 18 Ohio St. 221; *Kirk v. Kirk*, 3 Penn. St. 436; *Broadway v. State*, 8 Blackf. 290; *Bolling v. Mayor of Petersburg*, 8 Leigh, 224; *State v. Brown*, 3 Dutch, 13; *Scheetz v. Fitzwater*, 5 Penn. St. 126.

PETTUS, PETTUS & JOHNSTON and J. H. STEWART, *contra.*—This suit is based on the construction of the deed of John and Julia Barron to Howard College, of date July 16th, 1854, for a recited consideration of three hundred dollars; and plaintiffs, who are the sole surviving heirs at law of John and Julia Barron, base their right to recovery on the construction of said deed, and by the habendum clause, it is claimed that Howard College took only an estate on condition.

The language of the habendum clause is, "To have and to hold the aforegranted premises to said Trustees of

[Hunter *et al.* v. Murfee *et al.*]

the Howard College and their successors in office to the use of Howard College."

The policy of the law is to render the alienation and the transfer of property as free as possible. For this reason, conditions are not favored at law. Therefore, when words can be construed as a condition, reservation or a covenant, the tendency of the court is to construe it as either of the latter rather than the former.—*Gray v. Blanchard*, 1 Lead Cases Am. Law. Real Prop., 126; *Chapin v. School*, 35 N. H. 445; *Hoyt v. Kimball*, 49 N. H. 326; *Whalen v. Dunscomb*, 3 Cush. 285; *Thornton v. Trammell*, 39 Ga. 202.

*Quere*: Does the habendum clause above quoted make the estate acquired by the deed a base fee or an estate on condition, or a fee simple absolute? A base, qualified or determinable fee must be created by deed, by will or some instrument of writing known to the law, and the instrument which gives the estate must express the limitations thereto.—2 Lead. Cases Am. Law Real Prop., 23; *Union Canal Co. v. Young*, 1 Whart. 410. The deed must, on its face, contain a reservation, or that the grant was made for a special or particular purpose, and in order to create base fees, the mere declaration in the deed that the grant is made for a special or particular purpose, is not sufficient; but the grant must state that it was to be confined rigorously to the use of the premises to that particular purpose.—2 Lead. Cases Am. L. Real Prop., 23 and 24; *Southard v. R. R.*, 2 Dutch, 13; 1 Le. Ca. Am. L. Re. Prop. 125. So, it seems to be the accepted rule of construction of such grants that the grant for a special or particular purpose, without more, will not answer.—2 Lead. Cases Am. Law Real Prop. 24; *Bihelow v. Barr*, 4 Ohio, 358; *Packard v. Ames*, 16 Gray, 32.

A deed to certain persons, commissioners of W—— county and their successors in office, for the use of said county, accepted by an entry on the county records as a deed to and for the use of said county, gives the legal title to the county and not to the commissioners. Such a condition for the use of the county in consideration of the seat of justice having been permanently estab-

lished at a certain place, is not a condition subsequent and the removal of the county seat from there does not work a reversion of the title to the property.—*Sumner v. Darnell,* (Indiana), 13 L. R. A. 173; *Stanley v. Colt,* 5 Wallace, 119-163; *Harris v. Shaw,* 13 Ill., 456; *Portland v. Terwilliger,* 16 Or. 463; *Cram v. Hyde Park,* 135 Mass., 147; *Southard v. R. R.,* 26 N. J. L. 14; *Barrie v. Smith,* 47 Mich. 131; *Gage v. School,* 64 N. H. 387; *Morrill v. Wabash,* 96 Mo. 174; *Thornton v. Trammell,* 39 Ga. 202.

Again, it is held that a conveyance of land to a trustee for charitable use, such as the erection of a church, does not create a conditional estate, but only a trust for charitable use, and is not liable to be defeated by *non user* or alienation in the absence of expressed condition.

*In Re. Sellers v. Chapel Meth. Ch.,* 11 L. R. A. 282; *Barr v. Wild,* 24 Pa. 84; *Churches,* 103 Pa. 608; *Wilkesbarre v. W. H. & G. So.,* 134 Pa. 616; *Sohier v. Trinity Church,* 109 Mass. 1, *Brown v. Meeting House,* 9 R. I. 177.

TYSON, J.—This is an action of ejectment brought by the plaintiffs to recover a certain lot described in a deed executed by J. T. Barron *et al.,* to I. W. Garrott *et al.,* on the 16th day of November, 1854. The plaintiffs claim title as heirs at law of the grantors to this deed. The deed is one of bargain and sale for a consideration of three hundred dollars and contains the usual covenants of warranty. It conveys the lot in suit to Garrott and others, "the Trustees of Howard College and their successors in office." The language in the deed which appellants contend reduces the quantity of the estate from a fee simple to a base fee is found in the *habendum* clause, which is in these words: "To have and to hold the aforegranted premises to the said Trustees of the Howard College and their successors in office *to the use of said college."* The contention is, that a fee simple is a pure inheritance, clear of any qualication or condition. It is an estate of perpetuity and confers an unlimited power of alienation and no person is

capable of having a greater estate or interest in land. Every restraint upon alienation is inconsistent with the nature of a fee simple, and if a partial restraint be annexed to a fee, it ceases to be a fee simple and becomes subject to a condition. From these principles, which are correct abstractly, appellant's counsel make the deduction that the words, "to the use of said college," limit the estate conveyed to the Trustees of the Howard College. The limitation or condition we are asked to place on these words is, that in the event the Howard College, a body corporate, ceased to use the lot upon which it had erected its buildings for the purpose of maintaining a college for the education of boys and young men, that the property reverted to the grantors. In other words, the title to Garrott *et al.*, was a defeasible one, conditioned upon the use of the lot by the Howard College as an institution of learning and for no other purpose.

Section 1020 of the Code, which was in existence when the deed under consideration was executed.—Code of 1852, § 1299, provides that "Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended." So, then, in order to give the language such a construction it must clearly appear that it was the intention of the grantors to convey a qualified fee. There are no usual and proper technical words in this deed, such as "provided," "so as," or "on condition," in connection with a clause of forfeiture or re-entry. Forfeitures or conditions in grants are not favored in law, and hence, independent of the statute, they must be clearly expressed. "They are also to be construed with great strictness because they tend to destroy estates and the vigorous exaction of them is a species of *summum jus*, and in many cases hardly reconcilable with conscience." —*Woodworth v. Payne,* 74 N. Y. 196. At best, the intention of the grantors in this deed to make a condition that the lot should be used by the Howard College forever for school purposes only, lies in mere inference and argument. Such a condition is not to be raised readily

[Hunter *et al.* v. Murfee *et al.*]

in this way.—Coke Litt., 205 b, 219, b; 4 Kent Comm. (6th ed.), 129; Shep. Touchstone, 133; *Merrifield v. Cobleigh,* 4 Cush, 178, 184.

While we have been unable to find any case decided by this court involving the question here under discussion, there are quite a number in other jurisdictions, where the language in the conveyances was substantially the same as that used in this deed.

In *Rawson v. Inhabitants of School District No. 5* 7 Allen 125, the grant was of land, which had been used as a burying place to a town, by deed to "the town of Uxbridge forever, to their only proper use, benefit and behoof, for a burying ground forever." The court held that the grant was not conditional, but the deed conveyed a fee simple title.

In *Packard v. Franklin,* 16 Gray 327, a deed of land was made to a number of persons incorporated as a religious society, *habendum* to them and their heirs and assigns, "and to each and every person who may hereafter become lawful owners and proprietors of a pew in the meeting house to be built and erected thereon, and which may and shall afterwards be rebuilt thereon by the said proprietors and their successors, to the use and behoof of the said proprietors for the said purpose, and of each and every lawful owner and proprietor of a pew or pews in the meeting house to be built and rebuilt on the said lot of land forever," without any clause providing for forfeiture or re-entry, is not a grant upon condition that a meeting house shall be erected and maintained upon the land conveyed.

In *Chapin v. Harris,* 8 Allen, 594, a grant of land adjoining a railroad, with the water power of a brook upon the land, running along the side of the railroad, and the right of making a dam across the brook and abutting upon the embankment of the railroad, "provided said dam shall be so built as to answer for a street to the railroad, and said street is to be opened three (3) rods wide" across the granted premises to the railroad, and the grantee "is to make the road," is not a grant upon condition.

In *Episcopal City Mission v. Appleton*, 117 Mass. 326, land was conveyed for nominal consideration to a religious society, its successors and assigns, "upon and subject to the condition," that the society was to continue to hold, occupy and improve the land and chapel standing thereon, for the support of religious work in conformity with the usages of the Protestant Episcopal Church; "and also upon the further condition," that no building should be erected upon a certain portion of the land conveyed, until after an adjoining owner had ceased to keep open a contiguous strip of land, or until after such time as the chapel should cease to be used as a chapel in accordance with the above provision. It was held that the deed did not create a condition, but that the grantees got a fee simple title.

In *Taylor v. Binford*, 37 Ohio, St. 262, C., being the owner of land, conveyed it, for a valuable consideration, to a township board of education, its successors and assigns, "for the use of school purposes only." Held, that the grantees acquired a fee simple.

In *First Methodist Episcopal Church v. Old Columbia Public Ground Co.*, 103 Pa. St. 608, A. covenanted with B., C. and D. by an instrument under seal that he would, when they required, convey to them a certain piece of land in fee simple in trust for the sole use of a company thereafter to be formed for supplying a certain borough with water, said ground to be for a reservoir of a certain size specified. B., C. and D. covenanted that A. should, upon erecting a hydrant at his own expense, have a supply of water from the reservoir for his use. The water company was formed and B., C. and D. released all their rights under the above agreement to said company, which thereupon constructed a reservoir of the size specified upon the premises. Several years afterward A. constructed a hydrant, and drew water from the reservoir for his own use for a few years. He then discontinued the use of said hydrant and subsequently died. Fifty years after the date of the original agreement and twenty-five years after the discontinuance of the use of the hydrant, the water company abandoned the premises, filled up the reservoir and conveyed the land to

a religious corporation for church purposes. In eject-
ment against the church by purchasers from the heirs
of A., held, that the agreement between A., B., C. and D.
did not constitute a base fee determinable on the cessa-
tion of the use of the premises for a reservoir, but that
it passed a fee simple.

In *Harris v. Shaw*, 13 Ill. 456, the deed was made to
certain persons therein named as county commissioners.
The consideration was the location thereon of the
county seat. The *habendum* clause was in these words:
"To have and to hold the same and all and singular the
premises above mentioned and every part and parcel
thereof, with the appurtenances, unto the said county
commissioners for Tazewell, or their successors in office,
and to the only proper use and behoof of the said county
of Tazewell forever." The court held that the deed con-
veyed a fee simple.

In *Brown v. Caldwell*, 23 W. Va. 187, a grant of land
for a consideration to a trustee upon trust that the
trustee "shall at all times permit all the white religious
societies of Christians and the members of such societies
to use the land as a common burying ground and for no
other purpose," is not a grant upon condition.

In *City of Portland v. Terwilliger*, 16 Oregon, 465, the
defendant agreed to convey land to the plaintiff and
plaintiff agreed that one-fourth of the land should be
used as a cemetery and to expend four hundred dollars
in building a road to the same; that the proceeds of
the sales of burial lots should be used in improving the
grounds and that one burial lot be conveyed to each of
the grantors. A deed was executed pursuant to the
agreement upon the "expressed terms, conditions and
reservations," and in consideration that plaintiff per-
form such stipulations; but no right of re-entry was re-
served, nor was it provided that said estate should cease
on non-performance. The grantee was put in possession.
Held, that such deed conveyed an absolute estate.

In *Sumner v. Darnell*, (Ind.), 13 L. R. A. 173, a deed
to certain persons, "commissioners of W—— county,
and their successors in office for the use of said county,"

accepted by an entry upon the county records as a deed "to and for the use of" said county, gives the legal title to the county, and not to commissioners; also held, that a conveyance "for the use of" a county, "in consideration of the seat of justice having been permanently established at a certain place," it not on condition subsequent that the county seat remain there, and no reversion is worked by removal of the county seat.

There are a great many other cases which sustain the principles announced in the cases we have cited, but we refrain from reviewing or citing them for the reason that they are noted in those we have referred to.

A short review of the cases relied upon by the appellants to support their contention will serve to show that they are either not in point or against the great weight of authority.

In *Scheetz v. Fitzwater*, 5 Pa. St. 126, E. conveyed to L. a mill-dam or pond of water, with the site or soil of said pond, for the use and service of a mill (on the land of L.), and *for no other purpose.*

In *The State v. Brown*, 3 Dutch. 13, the deed was made to the Morris Canal & Banking Company conveying all interest and estate of the grantor in the land and appurtenances to their only proper use, benefit and behoof, *"as long as used for a canal."*

In *Kirk v. King*, 3 Pa. St. 436, the conveyance was to the employers of a certain school to hold the same for an "English school and *no other purpose."*

To the same effect was the conveyance in *First U. Society v. Bolland*, 15 L. R. A. 231.

The case of *The Board of Education v. The Inhabitants*, 18 Ohio St. 221, was a dedication of certain lots under a statute.

In *Agnew v. Jones*, (Miss.), 23 So. Rep. 25, a license was granted to build and use a school house, the land to revert to the grantor when the school was abandoned.

There is a marked distinction between these cases and the one at bar. In each there were words in the deeds expressly limiting the use of the property to a certain purpose and no other.

The remaining two cases cited by appellant are *Rob-*

[Hunter *et al.* v. Murfee *et al.*]

*inson v. R. R. Co.,* 10 Atlantic Rep. 522, and *Flaten v. City of Moorhead,* 53 N. W. Rep. 807. The former is a decisions of the Supreme Court of Vermont and the latter of Minnesota. In the first it was held that where the granting part of a deed would convey a fee, but to the description of the land granted was added the clause, "for the use of a plank road," that this clause was a limitation upon the grant, and that only an easement was conveyed.

In the second, independently of, but immediately following, the description of the conveyed premises in a deed containing, without any exceptions, the usual covenants of warranty, in which deed the grantee was a municipal corporation, its successors and assigns, and the expressed consideration a nominal sum, was this clause: "Said tract of land hereby conveyed to be forever held and used as a public park." The purpose of the conveyance was not stated elsewhere. Held, that upon the face of the instrument the municipality did not acquire an absolute title in fee to the premises. So far as we have been able to ascertain, these two cases stand alone in American jurisprudence. They are certainly opposed to the great weight of authority and upon principle cannot be sustained.

We are without authority to interpolate into the deed here under consideration, under the guise of construction, words signifying a condition and reversion to the grantors in the event the condition is broken. This was a matter solely for the parties to the conveyance to have done. And this we must do in order to sustain the contention of the appellants.

The plaintiffs failing to prove any title in them to the lot in controversy, they are not entitled to recover.

The judgment of the circuit court is affirmed.