OREN G. SHERMAN *et al.* Appellants, *vs.* THE TOWN OF JEFFERSON *et al.* Appellees.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. DEEDS—*a clear restriction not against law or public policy will be enforced.* While prohibitions against the use of property by the grantee are not favored in law and doubts will be resolved in favor of its free use, yet where the intention of the parties is clear and the condition violates no rule of law or public policy it will be enforced.

2. SAME—*what is a valid condition subsequent.* A grant to a town upon condition that the property shall "be used and enjoyed for town purposes only," and upon ceasing to be so used the conveyance to become void and of no effect as against the grantor, his heirs and assigns, is a grant upon a valid condition subsequent.

3. SAME—*mere silence is not a waiver of performance of condition subsequent.* A condition annexed to a grant of land may be waived by the grantor, but something more than mere silence by the grantor is required to constitute a waiver of performance of the condition, as he must do some act indicating an intention to relinquish his right to insist upon a forfeiture.

4. SAME—*when decree in former proceeding does not bar forfeiture for breach of condition.* A decree in a burnt records proceeding establishing the title to a certain lot in the complainant town, subject to the condition of the deed, merely establishes that at the time of the decree there had been no breach of the condition, and is not a bar to a forfeiture by the heirs of the grantor for a subsequent breach.

5. SAME—*when condition subsequent is broken.* A condition in a deed to a town that the property shall be used and enjoyed for

town purposes, only, is broken where the town, after the territory has been annexed to a city, adopted the act vesting all the powers of the town in the city and surrendered the property to the exclusive possession of the city; and such breach cannot be excused on the ground that performance of the condition was made impossible or rendered unnecessary by law.

APPEAL from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

RICE, LOWES & O'NEIL, for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, (MORTON S. CRESSY, and CARL STROVER, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants, as heirs of John Gray, deceased, brought this action of ejectment in the superior court of Cook county against the town of Jefferson and the city of Chicago. The town of Jefferson was defaulted. The city of Chicago filed a plea of general issue. A jury was waived, the court heard the case upon a stipulation of facts and rendered judgment against plaintiffs, who have perfected an appeal to this court.

The facts admitted by stipulation to be true but which were subject to objection because of irrelevancy or immateriality are, that John Gray, the ancestor and common source of title, conveyed the real estate here involved, which consists of one acre, to the town of Jefferson on October 2, 1857, for the consideration of one dollar. The deed of conveyance contained the following condition: "This conveyance is made, understood and agreed by and between the parties hereto upon the express condition that the premises conveyed shall be occupied, used and enjoyed for town purposes only, and upon ceasing to be so used and enjoyed by the said party of the second part, in whole or any part thereof, the conveyance above becomes and remains abso-

lutely void and of no longer force, effect or obligation as against the said party of the first part, his heirs and assigns." Soon after receiving this grant of land the town of Jefferson built a town hall thereon. In 1869 the legislature created the incorporated town of Jefferson, which town occupied and used a part of the town hall in which to carry on its corporate business. In 1872 the incorporated town of Jefferson became a village, and thereafter the town hall was used by both the village and the township. In 1889 the village of Jefferson was annexed to the city of Chicago, and thereafter a part of the town hall was used by the city of Chicago as a police station and the remainder was still used by the town of Jefferson for township purposes. In 1890 the town of Jefferson filed a suit against the city of Chicago and the heirs of John Gray, who died in 1889, under the Burnt Records act, to establish the record of its title under said act. In 1895 a decree was entered in said suit establishing title in the town of Jefferson. The city of Chicago and the town of Jefferson continued the use of the premises, as before stated, until 1902, when the town of Jefferson by vote adopted the act concerning townships lying wholly within cities of more than 50,000 population. By the adoption of this act the powers of the town of Jefferson were vested in and their exercise authorized by the city of Chicago. Since 1902 the premises have been, and now are, exclusively possessed and used by the city of Chicago. No action was taken by John Gray, in his lifetime, which resulted in a forfeiture of the condition in the deed, nor was any action taken by his heirs until the bringing of this suit, in 1912.

It is undeniable that the conveyance from John Gray to the town of Jefferson "for town purposes only," and upon ceasing to be so used the conveyance to become void as against the grantor and his heirs, was a valid condition subsequent, but it is contended by appellees that the right to enforce the condition was waived by John Gray in his

lifetime; that the decree in the suit under the Burnt Records act was a bar to the re-entry of plaintiffs, and also that the performance of the condition subsequent was made impossible or rendered unnecessary by law and therefore avoided. It is undisputed that a condition subsequent in a deed may be waived by the grantor or his heirs, but it is insisted by appellants that no waiver can be inferred from the facts and circumstances in this case. Without again restating the facts admitted in the stipulation, it is sufficient to say that the condition in the deed was not broken by the property being converted to a different use than that intended by the grantor until 1902, when it passed into the possession and under the sole control of the city of Chicago. This ultimate result followed from successive steps (referred to in the stipulation of facts) by the inhabitants of the town of Jefferson under legal authority, and we think the doctrine of waiver has no application. The diversion of the use of the property from the purposes intended by the grantor could not have been prevented by him or his heirs, and they certainly ought not to be held to have waived their rights, under such circumstances, by failing to sooner assert them. The law is well settled that a condition annexed to a grant of land in a deed may be dispensed with or waived by the grantor, but something more than mere silence is required to constitute a waiver of the performance of the condition. The grantor must do some act indicating an intention to relinquish his right to insist upon a forfeiture for a violation of the condition. *Perin* v. *Parker*, 126 Ill. 201; *Carbon Block Coal Co.* v. *Murphy*, 110 Ind. 115; *Gray* v. *Blanchard*, 25 Mass. 291; 3 Dillon on Mun. Corp. par. 979.

We are of opinion, also, that the decree in the suit under the Burnt Records act is no bar to the plaintiffs' right to insist upon a forfeiture and re-entry. That suit was brought by the town of Jefferson, as complainant, in July, 1890. The city of Chicago and plaintiffs here were made

defendants to the bill, which sought to re-establish the record of the complainant's title, which was destroyed by the great fire of 1871. The city of Chicago filed an answer denying the town of Jefferson was the owner of the property, and the city of Chicago claimed title to it by virtue of the proceeding incorporating the town of Jefferson into the village of Jefferson and the annexation of the village of Jefferson to the city of Chicago. The city admitted it was then in possession of part of the premises and claimed the right to the possession of the whole. The bill was answered also by the heirs of John Gray. The cause was referred to a master, who reported recommending a decree in favor of complainant. Objections to the master's report by the said heirs were introduced in evidence by appellees. In said objections appellants here insisted the master should have held that the town of Jefferson had violated the conditions of the deed in permitting the property to be used for other than town purposes. The decree, which was rendered in 1895, found that the title to the property was in the town of Jefferson and established and confirmed the title in said town "subject to the condition of the deed," which is set out in full in the decree, and found that there had been no forfeiture of the estate by said town. The decree further found that the city of Chicago had no right, title or interest to the property, or to any part thereof, as against the town of Jefferson, ordered that the said town be let into the entire possession of the premises and awarded a writ of assistance for that purpose. No appeal was prosecuted by any of the parties from or writ of error sued out to review that decree. It was seven years after that decree was entered before the powers exercised by the authorities of the town of Jefferson passed to and vested in the city of Chicago, and the city assumed and claimed the exclusive title to the property by virtue of its council having succeeded to the rights of the town authorities, and claimed and assumed the sole possession and control of the

premises. The decree is an adjudication that at the time it was rendered the town of Jefferson had not violated the condition in the deed and that it held the title subject to said condition and that the city of Chicago had no right, title or interest in the premises. That decree could be no bar to this action for re-entry for a violation of the condition of the deed at a time subsequent to its entry. Since 1902 the town of Jefferson has not been in the use or control of the property but it has been in the sole possession and control of the city of Chicago. It is stipulated that since 1902, and until 1905, all the powers previously exercised by officers of the town of Jefferson, including powers vested in the town meetings, were exercised by the city council and other officers of the city, and that since the amendment of the act of the legislature in 1905 all powers of the town of Jefferson have been exercised by the county board of Cook county, the county clerk being *ex-officio* town clerk and township assessor and the county treasurer being *ex-officio* township collector and supervisor. There was then an entire abandonment of the use of the property by or for the town of Jefferson, and it has since been possessed and used by another municipality for its objects and purposes.

The contention of appellees that the performance of the condition subsequent was made impossible or rendered unnecessary by law and therefore avoided or excused is not applicable here. It was a valid and lawful condition subsequent when made, and its continued observance, if the grantee so desired, was not unlawful. The grantee abandoned the property and it is now claimed by a different municipality for a different use. It was lawful for the town of Jefferson to do the things it did do pursuant to law which rendered the use of the property unnecessary for its purposes, but because it abandoned the use of the property in pursuing lawful methods and acts raises no legal barrier against appellants' asserting their right of re-entry for con-

dition broken against the city of Chicago, which never did
have, and has not now, any right or title to the premises.
The performance of a condition subsequent which violates
positive law or public policy may be excused or avoided, but
the condition here violated no rule of law or public policy.
Its violation was the voluntary act of the grantee, and be-
cause the grantee abandoned the exercise of its powers and
authority, so that it no longer needed or could use the prop-
erty for the purpose for which it was acquired, could not
avoid or excuse a forfeiture. The grant was upon condi-
tion that the property be used for a particular purpose, and
when it ceased to be so used by the voluntary act of the
grantee it reverted. (*Harris* v. *Shaw,* 13 Ill. 456.) The
violation of the condition was not by operation of law but
by the voluntary act of the grantee. In *Pepin County* v.
*Prindle,* 61 Wis. 301, there was a grant of land to Pepin
county upon condition that a court house should be built
thereon within five years and maintained thereon for ten
years. The court house was built, but before the ten-year
period had expired the county seat was removed to another
city in accordance with the provisions of a statute concern-
ing the removal of county seats. It was held this was a
violation of the condition of the grant and the property
reverted to the grantors.

While it is true prohibitions against the use of property
by the grantee are not favored in law and doubts will be
resolved in favor of its free use and against restrictions,
where the intention of the parties is clear and the condition
violates no rule of law or public policy it will be enforced.
(*Hutchinson* v. *Ulrich,* 145 Ill. 336.) We find nothing in
the condition subsequent itself, nor in the acts and con-
duct of John Gray and his heirs, which in our opinion
would justify denying them the right of re-entry for condi-
tion broken. The fact that the property is being used by
the city of Chicago for a public purpose does not fulfill the

condition of the deed that it was only to be used by the town of Jefferson for town purposes.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*