ALMON, Justice.
This is an appeal from a judgment partially settling the estate of Marcelle M. Cowan. The question presented is whether the trial court properly construed a dona-tive clause in Cowan’s will that devised property to the St. Vincent de Paul Society Conference of St. Lawrence Church (“Society”), for its use as a retail outlet.
Cowan executed her will in 1982. That will contained the following clause, the construction of which has given rise to this appeal:
“I hereby give, devise and bequeath my real property located [at] 19 South Section Street, Fairhope, Alabama to [the] St. Vincent de Paul Society for their use as a retail outlet.”
After Cowan’s death the co-executors of her estate refused to transfer possession of the property to the Society, maintaining that the donative clause devised only a leasehold interest in the property and that that interest was subject to a condition subsequent. The Society then petitioned the Circuit Court of Baldwin County to order the co-executors to transfer title and possession of the property to it, contending that the clause devised a fee simple interest in the property that was not subject to a condition subsequent.
After a hearing on this issue, the trial judge found that Cowan’s intent was for the Society to have the use of the property and issued an order holding that it should have the use of the property as long as it used the property “in the regular, normal activities of the St. Vincent de Paul Society.” That order was made a final judgment pursuant to A.R.Civ.P., Rule 54(b). The Society appeals, arguing that the trial judge’s construction of the clause was incorrect and that Cowan’s intent was to devise her interest in the property to the Society unencumbered by a condition subsequent.
*233 In Austin v. Pepperman, 278 Ala. 551, 565, 179 So.2d 299, 311-12 (1965), this Court held:
“[C]onditions subsequent are not favored in law, and must be strictly construed, because they tend to destroy estates and a vigorous exaction of them is a species of summum jus, and in many cases hardly reconcilable with conscience. If it is doubtful whether a clause in a deed imports a condition or a covenant, the latter construction will be adopted. If the meaning is doubtful as to whether a clause in a will is a condition or a covenant, it will be construed as a covenant.” (Citations omitted, emphasis added.)
This policy has been expressed by the legislature in Ala.Code 1975, § 35-4-2:
“Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended.” (Emphasis added.)
This Court interpreted one of that section’s predecessors, Ala.Code 1896, § 1020, a statute identical to § 35-4-2, in Hunter v. Murfee, 126 Ala. 123, 28 So. 7 (1900). In that case this Court found that the words “to the use of said college” did not create a condition:
“So then, in order to give the language such a construction, it must clearly appear that it was the intention of the grantors to convey a qualified fee. There are no usual and proper words in this deed such as ‘provided,’ ‘so as,’ or ‘on condition’ in connection with a clause of forfeiture or re-entry.”
Hunter, 126 Ala. at 129, 28 So. at 8. In that opinion this Court cited a number of cases from other jurisdictions wherein language similar to the language employed by Cowan in her bequest to the Society was found not to create a condition or limitation on the legatee’s estate. Hunter, 126 Ala. at 130-33, 28 So. at 8-9.
In the instant case, the trial judge’s construction of the clause devising the property to the Society limited that organization’s estate by attaching a condition subsequent that was not clearly expressed by the language of the will. That clause did not create a possibility of reverter or. a gift over.
In determining the intent of the testator, a court must consider the will as a whole and not focus exclusively on a single bequest. Matthews v. Matthews, 477 So.2d 391, 394 (Ala.1985). Cowan’s will contained two clauses that unambiguously imposed conditions subsequent on the legatees and set out a reversionary disposition of the property bequeathed if those conditions were not fulfilled. Those clauses are reproduced below:
“I hereby give, devise and bequeath to the CITY OF FAIRHOPE the ORNAMENTAL FOUNTAIN now situated at my home on Mobile Avenue to be installed and used in the CENTER OF THE MEDIAN AT FAIRHOPE PIER. If, however, the CITY does not wish to display so [sic], then this property shall become part of all my other personal property as devised later in this will.
[[Image here]]
“I hereby give, devise and bequeath to SPRINGHILL COLLEGE, MOBILE, ALABAMA, if they will accept, the PAINTINGS which I own, and which were done by WILLIAM H. COWAN, JR. If the college does not wish to display them as works of a student of the college, then I give, devise and bequeath them to WILLIAM H. COWAN, JR.”
Further evidence of Cowan’s ability to create lesser estates and to impose conditions upon the taking of property when she so chose is found in the clause reproduced below, which created a life estate, subject to a condition precedent:
“I hereby give, devise and bequeath to my son WILLIAM H. COWAN, JR. a LIFE ESTATE in and to my HOME, being the real property located 553 SOUTH MOBILE AVENUE, FAIR-HOPE, ALABAMA; provided he is not married at the time of my death.
“Should my said son not be married during his lifetime, then at his death I give, devise and bequeath the above said property to my GRANDCHILDREN, *234 CLAUDE H. MULLEN, JR. (HANK), MARCIE MULLEN De LORENZO, ASHLEY MULLEN, SHANNON MULLEN, LEIGH COWAN MULLEN, and THOMAS MULLEN, share and share alike. Should my son leave children of a marriage, then they shall share with my other grandchildren, named above, share and share alike.”
Reading all of these clauses together, it is clear that Cowan was able to impose conditions clearly and unambiguously. She did not impose such a condition in the clause devising property to the Society, and the trial court erred when it read such a condition into it. Hendrix v. Hester, 385 So.2d 990, 992 (Ala.1980). Therefore, the judgment of the trial court is reversed, and this case is remanded with instructions to that court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.