## American Exchange Bank, Defendant in Error, v. Mary Grieves Mitchell, Plaintiff in Error.

1. CORPORATIONS—*actions after termination.* In *assumpsit* on notes plaintiff filed a replication to a plea of *nul tiel corporation,* stating that plaintiff was an existing corporation of the state of Missouri at the time of execution of the notes and had later been incorporated as a national bank under the name of the American Exchange National Bank. It appeared that the American Exchange Bank, in whose name the suit was brought, went out of existence prior to the institution of the suit and that the rights of property in the notes and to sue was in the American Exchange National Bank. *Held,* that plaintiff's lack of capacity to sue must work reversal.

2. PARTIES—*must be natural or artificial persons recognized by law.* In all civil actions, the prime requisite as to parties is that they must each be, either a natural or artificial person in law,—an entity, which the law of the forum can recognize as capable of possessing and asserting a right of action.

3. CORPORATIONS—*actions abate on dissolution.* All actions of a corporation abate upon its dissolution, in the absence of statutes to the contrary.

4. PLEADING—*amendment must be actually made.* Leave to amend does not constitute amendment.

5. JUDGMENT—*in excess of claim.* Entry of judgment for a larger amount than claimed in the *ad damnum* is error.

6. EVIDENCE—*as to foreign law.* Rules of evidence relating to authenticated copies of statutes and reports of foreign states should be closely observed.

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 10, 1913.

WISE, KEEFE & WHEELER, for plaintiff in error.

MUNGER & LINDSAY and J. O. MILLER, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This action is in *assumpsit.* The declaration con-

tains one count which is substantially as follows: Plaintiff alleges that the American Exchange Bank is a corporation of the State of Missouri, and complains of Mary Grieves Mitchell, defendant, of a plea of *assumpsit;* that the defendant together with the A. H. Fuchs Mercantile Company, a Missouri corporation, executed and delivered their joint and several obligations, one dated the 31st day of August, one the 14th of September and one the 14th of November, 1903, at the City of St. Louis and the State of Missouri, being three promissory notes, bearing above dates, respectively, by one of which said notes the said parties three months after the 31st day of August, 1903, promised to pay to the order of the plaintiff $2,000, for value received, with interest at ———— per annum until paid; and by the second of said notes, dated the 14th of September, 1903, the said parties three months after date promised to pay to the order of the plaintiff $2,000, for value received, with interest at the rate of ———— per cent. per annum until paid, and by the third of said notes, bearing date the 14th of November, 1903, sixty days after date, promised to pay to the order of the plaintiff $500, for value received, with interest at the rate of ———— per cent. per annum until paid; by means whereof the defendant, Mary Grieves Mitchell, became liable to pay the plaintiff the amount of said notes according to their tenor and effect.

Plaintiff avers that by the statute of Missouri it is provided that all contracts which by the common law are joint only shall be construed to be joint and several; and that creditors shall be allowed to receive interest at the rate of 6 per cent. per annum when no other rate is agreed upon for all moneys after they become due and payable on written contracts; and that a married woman shall be deemed a *feme sole* so far as to enable her to carry on and transact business on her own account to contract and be contracted with, to sue and be sued, to have in force against her prop-

erty such judgment as may be rendered against her; that the above provisions of the statute of the state of Missouri were in full force and effect in said state prior to the date of the several notes; that the statute of Missouri at and prior to the date of the said several notes provided that every person who shall have a cause of action against several persons including parties to promissory notes, may bring suit thereon jointly against all or as many of the persons liable as he thinks proper, and that an action upon any writing for the payment of money may be brought within ten years from the date of the writing; that the defendant has failed to pay said notes to the damage of the plaintiff of $4,077.20, hence brings suit.

Copies of the notes sued on were filed with the declaration.

To the declaration the defendant, Mary Grieves Mitchell, filed the plea of *non assumpsit* and also a plea of *nul tiel corporation*.

To the plea of *nul tiel corporation* the plaintiff filed its replication, stating in substance that "the American Exchange Bank was an existing corporation of the State of Missouri, at the time the notes sued on were executed; that on January 1, 1905, the American Exchange Bank became incorporated as a national bank, under the name of the American Exchange National Bank, and thereupon the notes in question became, by operation of law, the property of the American Exchange National Bank. That in May, 1905, the American Exchange National Bank, became consolidated with the Mechanics National Bank of St. Louis, under the name of the Mechanics American National Bank; that the said notes were not taken over by the consolidated concern but remained and were and are the property of the American Exchange National Bank, of St. Louis, which last named bank is in the process of liquidation."

To this replication defendant filed rejoinder denying all the material allegations averred in the replication.

Issue was joined thereon also on the plea of *non assumpsit*.

The cause was tried by the court without a jury.

The court found the issues for the plaintiff and entered judgment on the findings for $5,560.59, and defendant excepted and prosecutes this writ of error to reverse the judgment.

On the trial below the plaintiff asked and obtained leave of the court to amend its declaration and make the American Exchange National Bank party plaintiff, but for some reason, not disclosed by record the amendment was never in fact made and the case comes here in the name of the American Exchange Bank, as defendant in error.

The evidence shows that the American Exchange Bank went out of existence May 1, 1903.

The evidence further shows that the right of property in the notes sued on is and was at commencement of this suit in the American Exchange National Bank, and to it if any one belonged the right to sue and recover.

There are at least two errors appearing in this record, each of which is conclusive against the defendant in error, and must work a reversal of this case. The first arises from the want of a plaintiff with capacity to maintain the suit.

In all civil actions the prime requisites as to parties is that the plaintiff and the defendant must each be either a natural or artificial person.

"A civil action can be maintained only in the name of a person in law, an entity, which the law of the forum can recognize as capable of possessing and asserting a right of action." Ency. Pleading and Practice, vol. 15, p. 478.

After a corporation is dissolved it is incapable of maintaining an action. All action by a corporation which is pending when such corporation is dissolved abates upon such dissolution in the absence of a statute

to the contrary. Ency. Pleading and Practice, vol. 5, p. 96.

That the American Exchange Bank had no capacity to sue was recognized by the counsel for the plaintiff when they took leave to amend the declaration and also by tacit admission in their argument when they refer to the fact of obtaining leave to make the amendment. The leave to amend does not however constitute an amendment.

The second fatal error is found in the fact that the court rendered judgment for $5,560.59, while the *ad damnum* clause of the declaration placed the damages at only $4,077.59. Minkhart v. Hankler, 19 Ill. 47; Hobson v. Emporium R. E. & Mfg. Co., 42 Ill. 306; Kelley v. Third Nat. Bank of Chicago, 64 Ill. 541.

The conclusion we have reached as to the errors above mentioned renders it unnecessary to examine in detail the several other errors assigned on this record and we will close this discussion with the suggestion that the rules of evidence relating to authenticated copies of the statute and reports of foreign states should be more closely observed on a retrial of this cause.

On account of the two errors above referred to, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*