(Nos. 32733-32841.—

THE VILLAGE OF LAKE BLUFF, Appellant, *vs.* WALTER WILLIAM DALITSCH *et al.,* Appellees.

*Opinion filed September 24, 1953.*

ROBERT McCLORY, of Waukegan, for appellant.

BAKER, McKENZIE & HIGHTOWER, of Chicago, (JOHN C. McKENZIE, and DONALD J. DONOVAN, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The Village of Lake Bluff, a municipal corporation bordering on Lake Michigan in Lake County, brought an action in the circuit court of that county under section 57½ of the Civil Practice Act in which it sought a declaration of rights in and to Lillian Dells Drive, a public driveway located within the village. The case was tried by the court without a jury, and the court held that there had been no breach of the condition contained in the deed of dedication to maintain the drive in a reasonable state of repair, except

as to the lower portion of the drive extending along and upon the beach adjacent to the shore of Lake Michigan. The abutting owners were enjoined from asserting any right or undertaking any act in derogation of the village's rights in the dedicated road, including that part lying along the beach, provided, however, that unless the village should construct a usable pleasure driveway along the beach portion of the dedicated driveway within six months, that part of the driveway would revert to and vest in the abutting owners.

The village appealed only from those parts of the decree which declared a breach of condition in failing to maintain a driveway along the beach and which required a driveway to be constructed there within six months, and in all other respects urged that the decree of the trial court be affirmed. After the appeal was in this court, two of the defendants, Walter William Dalitsch and Selma K. Dalitsch, his wife, filed their petition in this court for leave to appeal from the entire decree of the trial court, which was allowed. The cases have been consolidated for hearing and opinion.

The area embraced within the corporate limits of the village of Lake Bluff is an incorporated community on the shore of Lake Michigan, which includes several ravines running in a general easterly and westerly direction. These ravines have eastern termini at the lake front. On and prior to November 30, 1909, one of these ravines was embraced within the property owned by Luther P. Friestedt, then resident in the village. He saw fit to dedicate the bed of the ravine within his property as a pleasure driveway to be known as Lillian Dells Drive. This driveway began at what is now known as Maple Avenue and extended easterly down through the ravine to the shore at Lake Michigan, where it turned south for a distance of some 150 feet. The dedication was in statutory form, duly recorded, and was accepted by the village on November 30, 1909. Certain conditions were annexed to the dedication, which in sub-

stance required its maintenance and use as a pleasure driveway only. The deed of dedication provided that "the failure to comply with any or all of the foregoing conditions shall *ipso facto* revert the title to the premises herein dedicated in the dedicator, his successors or assigns, and they shall re-enter and take said premises as of their first estate."

The complaint for declaratory judgment filed by the village set forth that in 1909 Luther P. Friedstedt, as the owner of certain land, laid out a subdivision called "Friestedt's Addition to Lake Bluff," containing lots 1 and 2, and in connection with it the owner dedicated a public driveway, named "Lillian Dells Drive," to be kept in repair by the village and to be used and maintained as a pleasure driveway only. The drive is abutted on one side by lot 1 of Friestedt's Addition and on the other side by lot 2 thereof. Lot 1 is owned by Alice Crosby and Hildegard Crosby Melzer, and lot 2 by Walter William Dalitsch and Selma K. Dalitsch. The village accepted the dedication and in its complaint alleged that it had expended large sums of money in maintaining and repairing the driveway and that the public had used the drive for horsedrawn and motor vehicles, bicycles and other means of conveyance, and as a footpath or walk from North Avenue and Maple Avenue in the village to the beach and shore of Lake Michigan. It was also contended that the drive was in a reasonable state of repair except for the portion extending along the shore of Lake Michigan; that it was regularly used as a footpath and for the motor vehicles of the village and of Lake Bluff Park District and for emergency use by other motor vehicles; that subsequent to the original grant of Lillian Dells Drive, part or all of it extending along the shore of Lake Michigan became submerged by avulsion or erosion, but that subsequent accretions have resulted in the restoration and re-appearance of that part of the drive extending along the lake shore. In 1948 the Dalitsches caused a notice to be served on the village which stated that a blocking of

the drive at the western entrance and the alleged failure of the village to maintain the drive in repair constituted breaches of the dedication, and that if· the same were not corrected forthwith the Dalitsches would enter upon and take possession of the adjacent one-half thereof where the same abutted their property.

In its suit for a declaratory judgment the village named as defendants the abutting owners, the heirs of Luther P. Friestedt, deceased, Lake Bluff Park District and "unknown owners." It prayed that the court declare the rights of the parties in the drive and also declare whether there had been any breach of condition entitling any of the defendants to interests therein superior to the interests of the village, declare the riparian ownership of the property along the shore of Lake Michigan, declare property rights, if any, of other defendants, and grant necessary and proper injunctional or other relief. The answer of Lake Bluff Park District admitted the allegations of the complaint. The defendants Alice Crosby and Hildegard Crosby Melzer filed no answer and made no charges of any breach of condition. The Dalitsches denied in their answer that the drive was in a reasonable state of repair, that large sums had been expended to maintain and repair it, or that it was used as a footpath or walk and for municipal and emergency vehicles. Their answer also denied that the village had the right to place boulders at the western entrance to the drive, or that it had the right to regulate traffic thereon, and averred that its acts in regulating traffic constituted a breach of the dedication. The issues raised by the pleadings are (1) whether the village has maintained Lillian Dells Drive in a reasonable state of repair, and (2) whether the village can regulate traffic thereon so as to permit only non-automotive vehicular traffic, excepting that of a public or emergency nature. The court resolved the issue of reasonable repair and maintenance of the drive in favor of the village, except as to the part of the drive lying along the

beach. It also resolved in favor of the village the issue as to the village's right to restrict traffic to nonautomotive and emergency and public vehicles. The trial court held, however, that the village had not kept and maintained that part of the drive lying along the beach in a reasonable state of repair and that this constituted a breach of condition of the dedication and decreed that unless the village should construct a usable pleasure driveway along the beach within six months the rights of the village in and to the beach portion of the drive would be forfeited.

The village is located on a high bluff and the drive in question extends from the developed part of the community through a long ravine running down to the shore of Lake Michigan. It is approximately 16 feet wide and is covered with gravel and small rocks. It extends in a general easterly direction toward the lake until it comes within approximately 50 feet of the lake shore and it then turns south and parallels the lake a distance of about 150 feet. The village objects to that part of the decree which finds that its failure to keep that part of the drive lying along the beach in a proper state of repair constituted a breach of the condition of dedication, and which orders the village to correct that condition by constructing a driveway along that part of the beach within six months, or suffer a forfeiture, by means of which that part of the beach would revert to the abutting owners. The Dalitsches, in their appeal, contend that the trial court erred in declaring Lillian Dells Drive separable, one portion from the other, and in holding that the village had not breached the conditions of the dedication as to the upper part of the drive extending through the ravine to the place near the shore where the drive turns south. They ask that the decree be reversed and remanded to the trial court with directions to enter a decree to the effect that the village has breached the conditions of dedication as to the entire drive; that the village has no prescriptive rights in the drive but only the rights

derived from the dedication of the drive by Luther P. Friestedt; that the village be required to repair, maintain and use Lillian Dells Drive as a pleasure driveway and place it in proper condition within six months or allow the abutting owners to re-enter and take it as their own estate; and to find that Walter William Dalitsch, Selma K. Dalitsch, Alice Crosby and Hildegard Crosby Melzer, abutting landowners, are the only persons who have an interest in the right of re-entry in Lillian Dells Drive.

In its brief filed in this case the village contends that there was no intention to require the village to construct a roadway upon the beach portion of the drive at the time of the dedication; and that practical construction of the dedication negates the need to pave the beach portion of the roadway. The village argues that the facts and circumstances in evidence demonstrate a clear intention that the beach portion was not to be improved with any pavement. We find no contention or suggestion in the record that a pavement should be constructed upon the beach. The evidence does indicate that the beach area of the driveway has fallen into a state of disrepair, due mostly to the encroachment of the waters of the lake. It is indicated that it was the intention of the parties, at the time the drive was dedicated, to make it usable throughout its entire length. All that is required is that some type of usable driveway be constructed there. The evidence indicates a drop-off where the road enters the beach, and the decree contemplates that this condition be repaired and necessary measures be taken by the village to make the beach portion of the driveway as usable as the remainder of the drive.

The village next urges that the abutting property owners have waived any right to claim a breach of condition resulting from a failure of the village to improve the beach portion of the drive with a surface roadway, and from the exclusion of automotive vehicular traffic from the drive. It is insisted by the village that the original dedicator and

subsequent owners of abutting property have not merely acquiesced in the use of the drive by pedestrian traffic only, but have taken active steps to prevent automotive vehicles from using the drive. During the more than forty years since the dedication, the beach was never improved with a pavement or other surfaced roadway and no objection was heard concerning the same. However, upon strict examination of the record, we find no evidence or testimony indicating any affirmative action by defendants or their predecessors in title releasing the village from the terms of the dedication. It has generally been held that no waiver is occasioned by a mere indulgence, or mere silent acquiescence, especially where it does not appear that the grantee understood that there was a waiver or that he relied thereon in proceeding to do the act claimed as a forfeiture. (26 C.J.S. 499, Deeds, par. 158; *Sherman* v. *Town of Jefferson,* 274 Ill. 294; *First Lutheran Church* v. *Rooks Creek Evangelical Lutheran Church,* 316 Ill. 196.) This record indicates no positive acts by defendants or their predecessors in title showing any intention to relinquish their rights to declare a forfeiture for any breach of condition occasioned by the village. In every instance of possible breach of condition set forth by the village, any acquiescence by the owners of the abutting property was by silence alone. Such facts and circumstances are not sufficient to constitute a waiver of defendants' rights.

It was further asserted by the village that prior to the dedication of Lillian Dells Drive as a public highway in November, 1909, it had been used as a public thoroughfare for twenty years or more, and the village had thus acquired rights in the roadway by prescription and user. These rights, the village claims, could not be denied by a subsequent dedication. By prescription and user the village obtained only an easement to use this roadway as a public way. The dedication to the village in 1909 invested it with more than a mere easement. The dedication consti-

484

tuted a conveyance of the drive in fee to the municipality, which holds it as trustee for the public use. (*Prall* v. *Burckhartt,* 299 Ill. 19.) It is settled law that where there is a unity of title to and possession of the dominant and servient estates in the same owner, that fact operates to extinguish the servient estate absolutely and forever. No one may have an easement in his own land. (*Smith* v. *Roath,* 238 Ill. 247.) Here, the city held an easement for public use of this roadway, the servient estate. Subsequently it obtained a conveyance of the roadway in fee, the dominant estate. By application of the general rule above, the easement is merged in the fee, extinguishing the servient estate. Thus, subsequent to the dedication of this roadway, the prior prescriptive easement claimed by the city could no longer exist, and any rights that might be claimed thereunder are necessarily terminated.

The defendant owners of abutting property contend that the record evidences a continuous series of acts inconsistent with any intention of the village to retain Lillian Dells Drive under the terms of the dedication, constituting a breach of condition. In support of this contention they urge (1) that the entrance of the drive has been obstructed by the placing of several large boulders across its entrance so as to prevent the passage of most vehicles in use in Lake Bluff today, (2) that an ordinance of the village bars bicycles and automobile traffic, and (3) that a gully or stream now occupies a portion of the dedicated roadway while another portion is now beach with no apparent vestige of a road. For these reasons defendants maintain that the roadway cannot long be considered usable as a "pleasure driveway," the purpose for which it was dedicated.

The record discloses that the roadway was dedicated to the village for public use as a "pleasure driveway" in 1909, and was then accepted by the village and used by the public as a footpath, bridle path, and driveway for horsedrawn conveyances, the only means of local transporta-

tion then in vogue. The dedicated drive is only sixteen feet in width. It remains in use today as a footpath to the beach, and is available for horse and carriage were such conveyance used in Lake Bluff. The boulders could easily be spanned by such vehicles. The roadway continues in reasonable passable condition for the means of travel permissible thereon, except for a steep drop-off near the beach occasioned by the action of the lake waters.

The defendants assert that the drive was to be a "pleasure driveway" only and since the only available conveyances for driving are denied the use of the drive by ordinance, a breach of condition has occurred. It is well settled and accepted that an owner, in making a voluntary dedication of his property to the public, may annex conditions and limitations to his grant at his pleasure, provided such limitations and conditions are not inconsistent with the dedication and will not defeat the operation of the grant. (*People's Gas Light and Coke Co.* v. *City of Chicago,* 255 Ill. 612.) However, the dedicator cannot attach to the dedication any conditions or limitations inconsistent with the legal character of the dedication, or which take the property from the control of the public authorities, or which are against public policy. The dedication will take effect regardless of such condition, which will be construed as void. (26 C.J.S. 91, Dedication, sec. 31.) State or municipal power to control and regulate streets is in trust for the general public, and not only for the people who live within the municipality, but also for those who come there, and neither the State nor the municipality can divest itself of this trust. Accordingly, any contract whereby the State or municipality surrenders its police power over the streets is invalid. (64 C.J.S. 79, Municipal Corporations, par. 1688.) The statutes of Illinois have for many years given to municipalities the right to regulate traffic upon their streets and public places. (Ill. Rev. Stat. 1951, chap. 24, par. 23-27.) By virtue of that authority we have held in

many cases that municipalities may legislate concerning the use of their streets and public places within reason. *City of Chicago* v. *Rhine,* 363 Ill. 619.

After carriages and buggies had practically passed out of common use and had been supplanted almost entirely by motor vehicles, the village authorities, believing that a pleasure driveway only sixteen feet in width extending down through a ravine was not suitable for fast motor traffic, adopted this ordinance barring the use of the drive to all vehicles of an automotive nature. The ordinance recites that at the time of the dedication the drive was designed and intended for the use of pedestrians and horse-drawn pleasure vehicles and similar uses, and the extent and nature of automobile traffic was not anticipated. The ordinance concluded that the narrowness of the drive and the sharpness of certain turns made the use thereof by automotive vehicles exceedingly hazardous, and not within the contemplation of the dedicator. It is altogether proper for the village to bar automotive vehicles from this drive under its regulatory and police powers in the interests of public safety, if the measure is reasonable. (*City of Elmhurst* v. *Buettgen,* 394 Ill. 248.) The recitation contained within the ordinance itself indicates the reasonableness of the measure. The protection of both the pedestrian and automotive public is a valid purpose. Being a reasonable regulation within the power of the village, the dedication could not deprive the village of its power to so regulate traffic on Lillian Dells Drive by condition or limitation constituting such ordinance a breach of condition. It is highly doubtful, as noted in the ordinance, that the dedicator intended any such result. The dedicated driveway remains open and available for all pleasure driving and use contemplated and known at the time of its dedication. Its general physical condition is satisfactory for such traffic as is properly permissible thereon, with those exceptions

noted in the judgment of the trial court. No such breach of condition, as urged by defendants, is apparent from the record.

Other errors have been assigned on this appeal, but they have not been argued in the briefs submitted to this court. Consequently these assignments are considered waived and not presented here for review. *People* v. *Davis,* 412 Ill. 391.

The trial court in its decree for declaratory judgment did recognize that the lower, eastern, or beach portion of Lillian Dells Drive is located upon sand, is subject to erosion and avulsion as a result of waves, tides and currents of Lake Michigan and has never been improved with any pavement or roadway. The drive has, in this area, consisted of the beach surface itself. The village argues that it is inconsistent and illogical for the trial court, in the face of these findings, to hold that it had breached the conditions contained in the dedication insofar as the beach portion of the drive is concerned. We believe, however, that this finding of the trial court is justified by the evidence that there is a drop of several feet between the upper portion of the drive and the beach portion. The decree contemplates merely that the beach area shall be so repaired as to constitute a usable drive throughout its entire length.

We are of the opinion that the conclusions reached by the circuit court of Lake County are in conformity with the evidence in this case and that the decree entered by that court is correct and is not vulnerable to any of the objections made thereto either by the village or by the abutting owners. The decree of the circuit court of Lake County is therefore affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE SCHAEFER took no part in the consideration or decision of this case.