People ex rel. Rilla King and Margaret Saller, Plaintiffs-Appellees, v. Francis S. Lorenz, Successor to E. A. Rosenstone as Director of the Department of Public Works and Buildings, etc., and the Department of Public Works and Buildings, etc., Defendants-Appellants.

Gen. No. 64-67.

Third District.

June 7, 1965.

William G. Clark, Attorney General, of Chicago (Harold G. Andrews and Richard E. Wuinn, Special Assistant Attorneys General, of counsel), for appellants.

Eagle & Eagle, of Rock Island, for appellees.

HOFFMAN, J.

This is an appeal from a peremptory writ of mandamus issued against the Director of the Department of Public Works and Buildings commanding him to in-

clude certain land and access rights in a pending condemnation suit.

The salient facts are undisputed. One Ella M. Christiansen owned a tract of land located at the southwest corner of the intersection of 23rd Avenue and 13th Street in East Moline. It abutted on 23rd Avenue for a distance of 176 feet and upon 13th Street for a distance of 495 feet. It was improved with two houses and garages.

In 1956, in order to widen and improve 23rd Avenue as a freeway, the Department of Public Works and Buildings obtained a dedication from Mrs. Christiansen of a 60 foot strip abutting on 23rd Avenue and a release of her access rights onto 23rd Avenue. As consideration the Department paid Mrs. Christiansen $5,880.64 and agreed to construct a service road on the land conveyed to give access from the remainder to the intersection of 23rd Avenue and 13th Street.

At the time of this acquisition from Mrs. Christiansen only 20 to 30 per cent of all the property needed for the entire project had been acquired. While the Department proceeded through the several following years to acquire the remaining land, it took no action to construct the promised service road for Mrs. Christiansen. However, during this time it permitted Mrs. Christiansen and her successors in title, the plaintiffs here, to have direct access onto 23rd Avenue. In 1960 the Department changed its plans regarding the improvement of this area, due to changes in highway design, safety factors and a drainage problem which had arisen. This change in plans necessitated a change in the limited access frontage road originally planned for the tract in question, and required the taking of an additional piece of the remaining tract.

The Department and the owners (the plaintiffs here) were unable to agree upon the consideration for this second taking. Accordingly, the Department filed

18

a condemnation suit in Rock Island County to condemn the additional land and to change the tract's access from the original plan. This suit is still unresolved.

Subsequently, the present suit was filed by the owners. It sought a declaratory judgment determining that the original dedicatory deed of Mrs. Christiansen should be revoked because of the Department's failure to construct the promised service road. In a second count it asked that mandamus issue to compel the Director to include in the pending condemnation suit *all* of the land and access rights which were conveyed in the original dedicatory deed.

The trial court decided in plaintiffs' favor and ordered mandamus to issue. From this the Director appeals.

In this appeal the Director takes the position that Plaintiffs' predecessor has been paid for the original access rights to 23rd Avenue and for the 60 foot strip originally conveyed, and that the pending condemnation suit is adequate to fairly compensate plaintiffs for their damages by virtue of the second taking and the changing of the access. The Director states in his brief:

> "If the Plaintiffs have been damaged as a result of the change in design of the service road, . . . then such damage can and should be determined in the pending condemnation action. . . . This damage, if any, is measured by the difference in the fair cash market value to the remainder as it existed with the service road as originally planned and the fair cash market value of the remainder after the completion of the modified service road."

The Plaintiffs, however, contend that the original land and access was dedicated upon the condition that the Department construct the specified service road, that the Department has failed to do this, and that

19

this failure constitutes grounds which enable the Plaintiffs to revoke the entire grant upon repayment of the purchase price. They say:

> "Plaintiffs' predecessor in title dedicated her land and released all of her access rights onto 23rd Avenue for certain considerations stated in the deed. One consideration, and undoubtedly the most important one, was that the Department was to furnish direct access onto 23rd Avenue for the remaining land. The Department has failed to furnish and now expressly refuses to furnish such access. Consequently, it is only fair that the Department should be required to pay just compensation for the land and access rights which it acquired under the dedication deed."

■ ■ The gist of Plaintiffs' argument is that the construction of the service road was a "condition of the dedication" and "where a dedication is made on a certain condition the dedication may be revoked for breach of the condition." To support this position Plaintiffs rely upon two cases: Peoples Gas Light & Coke Co. v. City of Chicago, 255 Ill 612, 99 NE 703, and Village of Lake Bluff v. Dalitsch, 415 Ill 476, 114 NE2d 654. Both of these cases are authority for the statement that an owner, in making a voluntary dedication of his property to the public, may annex conditions and limitations to his grant. The Peoples Gas Light & Coke Company case is also authority for the statement that the owner may revoke the dedication if the conditions are not complied with. But neither case, and no law to which we have been referred, is authority for the ultimate remedy of revocation which Plaintiffs seek to have under the facts of the instant case.

■ When the proposed construction is concluded the Plaintiffs will have an access road to the inter-

section. It is true that the new road will not, with particularity and exactness, be located precisely where it was originally scheduled to be. But we cannot hold that this necessary alteration of plans is such a breach of the original condition as to warrant revocation of the original dedication.

██ The State must condemn and pay for what it takes. Access rights are valuable property rights which cannot be taken without just compensation. Department of Public Works & Bldgs. v. Wolf, 414 Ill 386, 111 NE2d 322. The Plaintiffs' complaint is that the Department, in the pending condemnation case, is taking Plaintiffs' access via a frontage road originally contracted for. Plaintiffs say that this has immense value and its taking must be paid for. We do not disagree with the trial judge that this right, now being taken, must be paid for.

██ But we do disagree that Plaintiffs, solely because of a change in construction plans, are entitled to a redetermination of the value of the land taken and all access rights conveyed in the original dedication deed. They are now only entitled to damages, if any, sustained by them with respect to the remainder, occasioned by the change in the access via the new service road. This damage may be included in the pending condemnation suit along with the other taking. Plaintiffs' remedy is adequate and they are fully protected in that suit.

The judgment is reversed and the cause remanded for proceedings in accordance with this opinion.

Reversed and remanded.

ALLOY, P. J. and STOUDER, J., concur.