(No. 39406.—

THE PEOPLE *ex rel.* RILLA KING *et al.*, Appellants, *vs.* FRANCIS C. LORENZ, Director of Public Works and Buildings, *et al.*, Appellees.

*Opinion filed March 24, 1966.—Rehearing denied May 18, 1966.*

KLINGBIEL, C.J., took no part.

EAGLE & EAGLE, of Rock Island, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (HAROLD G. ANDREWS and RICHARD E. QUINN, Special Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Appellants commenced suit in the circuit court of Rock Island County seeking the revocation of a certain dedication deed due to the grantee's noncompliance with an alleged condition thereof, and also requesting that a writ of *mandamus* issue to compel the Director of the Department of Public Works and Buildings to include the lands and access rights conveyed by such deed within pending condemnation proceedings concerning adjacent property formerly (prior to the execution of the dedication deed) within the same tract. The circuit court ordered the Department to comply with the condition in the dedication deed or include the property described by the deed within the pending condemnation proceedings.

On appeal to the appellate court for the Third District, the judgment was reversed, (60 Ill. App. 2d 16), and we subsequently allowed a petition for leave to appeal.

The land in question is shown in the appendix to this opinion which also portrays the locations of the frontage roads, both as originally and now proposed. Prior to April 18, 1956, the land was owned by Ella M. Christiansen, appellants' now deceased aunt and immediate predecessor in title. It is located at the southwest corner of the intersection of 23rd (Colona) Avenue and 13th Street, as extended to the south, in East Moline. As a result of negotiations between the Department and Mrs. Christiansen she conveyed by dedication deed a rectangular portion of this land abutting 23rd Avenue to the State of Illinois for highway improvement purposes. Such deed contained the following provision: "Grantee shall supplement main Freeway pavement [23rd Avenue] with a parallel all-weather frontage road adjacent to grantor's abutting lands and extended to provide access for grantor only via said frontage road to establish point of access to main Freeway pavement located at Station 3490/94, [*sic*] being an extension of 13th Street

of East Moline, Illinois." The grantor received $5,880.64 as compensation for the dedication, and subsequently expended over $2,000 in rearranging the improvements on the property in order that they might be utilized in conjunction with the proposed frontage road. In so doing a small house was relocated by Mrs. Christiansen, and a porch which extended onto the dedicated portion was removed from another house. In conjunction with their request that the deed be revoked, appellants have tendered to the court the compensation received by Mrs. Christiansen for the dedication.

The frontage road contemplated by the dedication deed has never been constructed. Upon re-examination of the situation and due to the existence of drainage problems, consideration of highway safety factors, *etc.,* the State, acting through the Department of Public Works and Buildings, substantially redesigned the intersection and apparently abandoned the original plan. The new plan requires the taking of an additional portion of appellant's land, and condemnation proceedings for this purpose were instituted in 1960. It also provides for a frontage road not parallel to the main freeway pavement but one that curves southeasterly through the additionally needed portions of appellants' land and (see appendix) intersects 13th Street, as extended, at a point some 250 feet south from the point where the originally proposed frontage road would have done so. Appellants' access to 23rd Avenue from the remainder of their property will be changed accordingly.

Appellants argue that the language of the dedication deed conditions the conveyance made thereby upon the construction of the frontage road as therein described, that such road has not been built, and that, consequently, the dedication deed may properly be revoked upon return of the consideration received for the property. The Department, however, contends that the language of the deed referred to above is not conditional, that the access to 23rd Avenue provided for therein will be substantially provided

for under the new design, and that if appellants have been damaged by the new design such damages may be shown in the present condemnation proceedings.

The appellate court held that, although the newly proposed frontage road "will not, with particularity and exactness, be located precisely where it was originally scheduled to be", the change in plans is not so substantial as to warrant revocation of the original dedication, a conclusion with which we cannot agree. This court has previously stated "* * * that the owner, in making a voluntary dedication of his property to the public, may annex conditions and limitations to his grant at his pleasure, provided such limitations and conditions are not inconsistent with the dedication and will not defeat the operation of the grant. (*People's Gas Light and Coke Co.* v. *City of Chicago,* 255 Ill. 612.)" (*Village of Lake Bluff* v. *Dalitsch,* 415 Ill. 476, 485.) If such conditions or limitations are not complied with, the dedication may be revoked. (*People's Gas* at p. 615.) Here, it is clear that the dedication deed contemplated the construction of a particularly specified frontage road which was to be parallel to 23rd Avenue and would provide appellants access thereto *via* a short extension of 13th Street that would intersect both the originally proposed frontage road and 23rd Avenue. It is undisputed that such frontage road has not been built, nor is its construction now contemplated, inasmuch as the design of the improvement has been substantially changed. Instead, as related earlier, a different frontage road is to be built, requiring the acquisition by the Department of an additional portion of appellants' property and, in our judgment, substantially altering the manner and proximity of access to 23rd Avenue of the remainder. Under these circumstances, we believe the change contemplated by the new design is a material breach of the condition upon which the dedication was made, as is apparent from the face of the deed, and that appellants are entitled to the relief sought by their complaint. The appellate court

erred in refusing to allow revocation of the dedication deed. If the Department still desires the land encompassed within the dedication deed, it must accept the tender of compensation and include such property within the pending condemnation proceedings concerning the additional portions of the property required as a result of the substantial change in design.

The judgment of the appellate court is reversed and the judgment of the circuit court of Rock Island County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

Mr. CHIEF JUSTICE KLINGBIEL took no part in the consideration or decision of this case.

APPENDIX

STATION 3490+94

EXISTING PAVEMENT

ORIGINALLY PROPOSED FRONTAGE ROAD

APPROXIMATE BOUNDARY
OF PROPERTY DEDICATED
ON APRIL 18, 1956

REDESIGNED
FRONTAGE ROAD

13TH ST.

PROPERTY ADDITIONALLY
REQUIRED PURSUANT TO
CHANGE IN DESIGN

N