(No. 42837.— )

C. B. ROBINETTE *et al.*, Appellees, *vs.* THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS *et al.*, Appellants.

*Opinion filed April 1, 1971.—Rehearing denied May 26, 1971.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (WILLIAM P. RYAN, FRANK S. RIGHEIMER, JR., and PATRICK J. AGNEW, Assistant Attorneys General, of counsel,) for appellants.

THOMAS W. MCNAMARA, of Chicago, (JENNER & BLOCK, of counsel,) for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

The plaintiffs, Clayborn and Rose Robinette, and the American National Bank & Trust Company as trustee, brought suit in the circuit court of DuPage County seeking the revocation of a certain deed of dedication on the ground that the grantee had failed to comply with an alleged condition in the deed. The complaint alleged that for $35,000 the plaintiffs and their successors in interest had conveyed by dedication deed 4.37 acres of land to the People of the State of Illinois for highway improvement purposes. This deed, they claimed, contained a condition relating to future ingress and egress to and from the remaining land of the

plaintiffs which the defendants allegedly breached. After a bench trial the circuit court of DuPage County entered judgment for the plaintiffs. The order of the circuit court granted the defendants 30 days in which to file an election to comply with the access provision contained in the deed and the order provided that in the event no election was filed the deed of dedication would be revoked upon the deposit by the plaintiffs of $35,000 with the clerk of the court. Claiming that a constitutional question is presented, the defendants have appealed directly to this court.

The defendants contend that although this suit is nominally against the Director of the Department of Public Works and Buildings it is, because of the issues involved and the relief sought, in substance a suit against the State of Illinois interdicted by Article IV, section 26 of the Constitution of the State of Illinois. It is argued by them that a question arising under the constitution of this State sufficient to confer jurisdiction on this court upon direct appeal is involved. The plaintiffs argue that there is no jurisdiction on direct appeal here because the purported constitutional question is not a substantial one and that the precise issue has previously been determined adversely to the defendants' position.

Article VI, section 5, of the Constitution of Illinois provides in part: "Appeals from the final judgments of circuit courts shall lie directly to the Supreme Court as a matter of right only * * * (b) in cases involving a question arising under the Constitution of the United States or of this State, * * *." Our Rule 302(a) contains similar language. (Ill. Rev. Stat. 1969, ch. 110A, par. 302(a).) Concerning this question of our appellate jurisdiction we have held that before a case may be appealed directly to this court on the basis of a claimed constitutional question, it is necessary that the question posed present a substantial constitutional issue. (*Herman* v. *Prudence Mutual Casualty Co.*, 38 Ill.2d 98; *First National Bank & Trust Co.* v. *City of*

*Evanston,* 30 Ill.2d 479.) Too, we have said that constitutional questions which have been resolved under previous decisions of this court will not be considered "substantial" when raised again. (See *People* v. *Hale,* 31 Ill.2d 200, 202; *Fulford* v. *O'Connor,* 3 Ill.2d 490, 494.) Thus, our direct appellate jurisdiction cannot properly be invoked when constitutional questions already determined are presented.

The precise constitutional question presented here was raised in *People ex rel. King* v. *Lorenz,* which came before this court in two different postures. The nature of the suit as well as the relief sought were almost identical to those here. The plaintiffs had conveyed a tract by a deed to the State of Illinois for highway improvements. When a condition of access in the deed was allegedly not observed, the plaintiffs sued the Director of the Department of Public Works and Buildings seeking, *inter alia,* a revocation of the deed. When judgment was entered for the plaintiffs in the circuit court of Rock Island County, it was appealed directly to this court. The Director contended then, as he does now, that the suit was in reality a suit against the State barred by Article IV, section 26, of the Constitution of the State of Illinois. He claimed that a constitutional question gave this court jurisdiction upon direct appeal. After oral argument we transferred the cause to the Appellate Court, Third Judicial District (*People ex rel. King* v. *Lorenz,* Docket No. 38495, September Term, 1964) because of the absence of a substantial constitutional question. The case appeared a second time in this court when we allowed leave to appeal from the judgment of the appellate court (60 Ill. App. 2d 16). Without considering any constitutional question we reversed the judgment of the appellate court and affirmed the circuit court's judgment. (*People ex rel. King* v. *Lorenz,* 34 Ill.2d 445.) On the basis of our disposition in the *King* case of the precise issue here, we must hold that the constitutional issue submitted has already been resolved adversely to the defendants and that, therefore, no substantial

constitutional question appears in this appeal. *People* v. *Hale,* 31 Ill.2d 200, 202; *Fulford* v. *O'Connor,* 3 Ill.2d 490, 494.

Accordingly, the cause is transferred to the Appellate Court for the Second Judicial District.

*Cause transferred.*