2 Ill. App.3d 438 (1971)
276 N.E.2d 804
C.B. ROBINETTE et al., Plaintiffs-Appellees,
v.
THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Defendants-Appellants.
No. 71-145.
Illinois Appellate Court  Second District.
November 24, 1971.
Rehearing denied January 12, 1972.
*439 *440 William J. Scott, Attorney General, of Chicago, (William P. Ryan and Frank S. Righeimer, Jr., Assistant Attorneys General, of counsel,) for appellants.
Thomas W. McNamara, of Chicago, for appellees.
Reversed and remanded.
Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
The American National Bank and Trust Company of Chicago, Trustee under Trust No. 18962 (also 18963), and C.B. Robinette and Rose R. Robinette, his wife as sole beneficiaries of the trusts, sued the Department of Public Works and Buildings of the State of Illinois and its Director, William Cellini. The complaint, as amended, sought revocation of the plat of dedication of land for a public highway. The plat of dedication contained the provision:
"Future ingress and egress to and from the remaining property of the grantor shall be by way of internal private roads to Kolberg Court and via Kolberg Court to Illinois Route 83."
Plaintiffs allege that this was a condition which was breached when the road plans were changed to deny access to Route 83 from Kolberg Court and instead provided access via a frontage road to Riverside Drive, a distance of approximately 2600 feet from Kolberg Court.
The trial court found for the plaintiffs and ordered the defendants to file an election within 30 days to provide the access via Kolberg Court. The order further provided that in the event the election was not filed, the dedication would be revoked upon the deposit of the $35,000 purchase price. The defendants appealed directly to the Supreme Court claiming that a constitutional question was presented on the theory that the suit, although nominally against the Department of Public Works and its Director, in effect was one against the State of Illinois and, thus, barred by Article 4, Sec. 26 of the Illinois Constitution. The Illinois Supreme Court transferred the cause here, stating in its opinion in 48 Ill.2d 259 (1971), that the constitutional issue had been resolved adversely to defendants in People ex rel. King v. Lorenz (1966), 34 Ill.2d 445. The court concluded that it had no jurisdiction since no substantial constitutional question was involved.[1]
*441 Defendants first contend that plaintiffs should be barred from equitable relief by way of revocation, primarily because an adequate remedy at law exists to compel the Directors to institute proceedings under the Eminent Domain Act to ascertain possible damage to the remainder of their property allegedly caused by the change in plans. Shaw v. Lorenz (1969), 42 Ill.2d 246 is cited as authority. However, in Shaw there was no condition in the plat of dedication. Plaintiffs there sought to enjoin the Director of the Department of Public Works from closing a township road in contravention of a separate agreement to keep the road open which had been made at the time of the unconditional dedication. The court held that mandamus was an adequate remedy, precluding the equitable relief of an injunction.
The right to revoke a conditional deed was not involved in Shaw, but it was the issue in People ex rel. King v. Lorenz, supra. In King, plaintiffs, who were successors in title to the grantor, sought revocation of a dedication deed alleging the grantees' nonperformance of an alleged condition of access to the remaining property. The plaintiffs there requested that Mandamus issue to compel the Director to include the land previously dedicated, on the issue of damage to the remainder for deprivation of access, in a pending condemnation suit for a frontage road which was made necessary by the change in plans by the state agency and which required additional property of the grantor. The court stated (page 448)
"The appellate court erred in refusing to allow revocation of the dedication deed."
The court reasoned that an owner who makes a voluntary dedication of his property may annex conditions to his grant so long as they do not defeat it; and that if such conditions are not materially complied with, the dedication may be revoked.
Defendants have argued that the decision in Shaw has limited or qualified the holding in People ex rel. King and that both stand for the general proposition that when mandamus is available and is an adequate remedy at law there can be no equitable relief whether by way of injunction or revocation.
 1 Defendants argue that there is no previous authority for the revocation of a deed to land acquired by the State, and that King has not decided the point because the actual result there was not revocation of the deed but the alternative relief of mandamus to include the granted property in a pending condemnation suit. However, as plaintiffs have pointed out, the inclusion of the dedicated property in the pending condemnation suit necessarily revoked the previous grant or there would have been no purpose in again condemning the same property. The clear import of King is that the availability of mandamus is not an adequate defense *442 against the granting of a revocation of a voluntary plat of dedication for violation of a condition of access so as to bar the remedy of revocation under circumstances similar to this case.
 2 Defendants next argue that the deed of dedication here is unconditional since access from Kolberg Court to Route 83 is not stated to be a condition of dedication, and the provision in question contains no words of promise, re-entry, or forfeiture. They argue that any conflict in meaning of words used in the deed is to be construed most strongly against the dedicator, (City of Chicago v. Hogberg (1905), 217 Ill. 180, 183; and Ely v. Brown (1900), 183 Ill. 575, 589, 590) and thus that the court should not read in a requirement for direct access into Route 83 from the then existing Kolberg Court, but should consider the access from an extension of Kolberg Court as a sufficient compliance with the provision. The plaintiffs respond that there is no significant difference between the provision in the deed in the King case and that here, and we agree.[2] In both instances there is an explicit promise regarding future access to the highway from the grantor's remaining land. In King, a change of approximately 10% of the distance here involved was deemed a material default in the promised access. King therefore is controlling.
 3 Nor is the condition against public policy as defendants have argued. The Department of Public Works is not being compelled to provide access as originally planned in contravention of the admitted right of the State to control and regulate its ways. The Department is authorized to take a lesser interest than one in fee simple, i.e. a conditional dedication as here. Ill. Rev. Stat. 1969, ch. 121, par. 4-501. But it may not take the benefits of a dedication free of burdens which it has voluntarily assumed. Defendants have cited Village of Lake Bluff v. Dalitsch (1953), 415 Ill. 476 as supporting the argument that a condition which can be construed to limit the power of public authorities to regulate points of ingress and egress to freeways to provide a safe and efficient means of transportation would be void as against public policy and could be disregarded. Dalitsch may be distinguished on its facts. The case before us is, as we have previously noted, controlled by People ex rel. King v. Lorenz, supra.
 4 Defendants have also cited Ill. Rev. Stat. 1969, ch. 109 as authority for the argument that the State acquired a fee simple title to the property in question and is therefore a necessary party. We do not agree. These *443 statutes do not apply here since par. 1(b)(6) of Ch. 109 specifically exempts conveyances of lands for public highways from its provisions. In making this argument the defendants, in effect, are seeking to raise the constitutional issue that the suit is in reality a suit against the State and barred by the constitution, and this question has been adversely decided in the opinion transferring the cause here (48 Ill.2d 259, supra).
Defendants have also argued that the plaintiffs had no standing to sue: The Robinettes because they are beneficiaries of a land trust and thus have an interest in personal property rather than in the realty (e.g. Chi. Fed. Sav. & Loan Assn. v. Cacciatore (1962), 25 Ill.2d 535, 543; In Re Application of County Treasurer (1969), 113 Ill. App.2d 50, 52) and the American National Bank & Trust Company of Chicago, Trustee, because it was not the grantor in the deed of dedication. Plaintiffs answer that the judgment order obviates this objection since it provides for the alternative of revesting title in the original grantor, the Elmhurst National Bank, as Trustee, under Trust No. 973; but that, in any event, the access provision was a covenant which benefited the land retained by the grantor and could therefore be enforced by the successor to the legal title. They argue that as the holders of both the beneficial interest and the legal title to the original grantor's remaining property they have the necessary standing to sue.
Plaintiffs have conceded in their argument that the provision in the plat of dedication does not run with the property conveyed to the State agency. This is necessarily so because Kolberg Court adjoins the farthest end of the remaining property of the grantor and is some 1000 feet from the property dedicated. Plaintiffs argue that it is sufficient if the covenant be considered to run with the land which the grantor retained while defendants argue that such a covenant must benefit and run with the land dedicated. The plaintiffs argue inconsistently that the American National Bank, as Trustee, is the proper plaintiff to bring this action since the provision in the plat created a covenant running with the remaining land. But in seeking relief they argue that we should construe the provision as a condition subsequent. Both parties have cited Purvis v. Shuman (1916), 273 Ill. 286 in support of their opposing arguments. In Purvis, the court stated, at page 286:
"If a covenant concerns the land and the enjoyment of it, its benefit or obligation passes with the ownership, but to have that effect the covenant must respect the thing granted or demised and the act to be done or permitted must concern the land or the estate conveyed."
 5 We must agree with defendants' position that the provision here (though not admitted to be a covenant) was a personal one which did not concern the land dedicated and which would not be enforceable by *444 the successor to the grantor of the dedicated land. Plaintiffs have suggested that People ex rel. King, supra, is also authority that a successor land trustee has standing to enforce the access provision. But in King the construction of the frontage road was to take place on the land dedicated, while here the access was to be by a border road some 1000 feet away.
We believe that as a matter of fairness and equity the Department of Public Works should perform undertakings which it has voluntarily made and that if it does not do so, even if its refusal is based upon a commendable attention to changed views as to highway safety, it should be required to place the property owner in the same position he was in before the undertaking.
However, the legal and beneficial interest in the land taken is in the Elmhurst National Bank which has never been made a party to this suit. The Robinettes are beneficiaries under both the Elmhurst Bank Trust and the American National Bank Trusts, so that in practical effect the failure to join the Elmhurst Bank as a party might be said to be only a formal defect. But it is a defect which is fatal to the relief sought and awarded below.
 6-10 Before an action can lie there must be a plaintiff with the requisite interest to bring the suit. (American Exchange Bank v. Mitchell (1913), 179 Ill. App. 612, 615; Village of LaGrange Park v. Jarecki (1927), 243 Ill. App. 290, 295.) We find no authority for adding an entirely new necessary party plaintiff on our own motion. As we have noted, the Robinettes, as beneficiaries of the land trusts, had no legal or beneficial interest in the land dedicated but only an interest in personalty. They were not requisite parties who could seek relief. Chicago Land Clear. Com. v. Darrow (1957), 12 Ill.2d 365, 371; Liberty Nat. Bank v. Kosterlitz (1946), 329 Ill. App. 244, 246, 247. And The American National Bank was not the party with the requisite interest to revoke the dedication made by a different grantor holding title to the adjoining property. (See Purvis v. Shuman, 273 Ill. 286, supra.) We have held previously that all persons having any substantial legal or beneficial interest in the subject must ordinarily be joined as parties. Fox Lake Hills Prop. Own. Ass'n v. Fox Lake Hills, Inc. (1970), 120 Ill. App.2d 139, 144, 145. The Elmhurst National Bank, as Trustee, is a necessary party to seek a revocation of the Plat of Dedication.
We, therefore, must reverse the judgment of the trial court, and remand for further proceedings consistent with this opinion.
Reversed and remanded, with directions.
MORAN, P.J., concurs.
*445 Mr. JUSTICE ABRAHAMSON specially concurring:
I concur with the majority opinion reversing the judgment of the trial court but I would also reverse the judgment on another ground.
I disagree with the conclusion of the majority that the language of the provision in the plat of dedication created a condition subsequent. In Newton v. Village of Glen Ellyn (1940), 374 Ill. 50, an ejectment action against the Village of Glen Ellyn for breach of an alleged condition in a deed, the court stated at page 54:
"One of the most important considerations in determining whether a clause is a condition subsequent or something else is the presence or absence of a clause providing for reentry by the grantor or his heirs, or forfeiture of the estate for a breach. (Koch v. Streuter, 232 Ill. 594; Rooks Creek Church v. First Church, 290 id. 133.)"
The court continued that such a clause is not indispensable, but will make certain what otherwise is left open to construction. Druecker v. McLaughlin (1908), 235 Ill. 367; Dunne v. Minsor (1924), 312 Ill. 333.
The absence of a clause providing for reentry and the lack of any of the language normally relied upon to create a condition subsequent makes it apparent that the intent of the parties was that the access provision would not operate as a condition subsequent. Newton v. Village of Glen Ellyn, supra; Rooks Creek Church v. First Church (1919), 290 Ill. 133. Where it is doubtful whether words create a condition subsequent or a covenant, they will be construed as a covenant, the law favoring such a construction of conveyances as vests estates rather than defeats them. Peck v. Drennan (1952), 411 Ill. 31; Dodd v. Rotterman (1928), 330 Ill. 362; Northwest. Un. v. Wesley Hospital (1919), 290 Ill. 205.
I agree that the public body should keep its word and that the landowner should have an appropriate remedy to enforce the agreement. However, the most drastic remedy of revocation opens into areas of potential mischief and litigation involving public acquisitions of land and should be avoided when another adequate remedy is available.
Here the breach of the access agreement does not affect the value of the land taken. To the extent it does affect the value of the remaining land owned by the successor to the grantor, there is an adequate remedy.
Plaintiff, American National Bank, retains the right to seek a writ of mandamus to compel the Director to institute eminent domain proceedings to determine any alleged damages to its property caused by the change in access. Shaw v. Lorenz, supra; People ex rel. Haynes v. Rosenstone (1959), 16 Ill.2d 513; The People v. Smith (1940), 374 Ill. 286; The People v. Kingery (1938), 369 Ill. 289.
NOTES
[1] Defendants suggest that the Supreme Court in the transfer opinion misapprehended the import of People ex rel. King v. Lorenz, supra, and again argue that King did not actually decide the constitutional question posed in this case by the alternative order of revocation of the plat of dedication, but merely decided the question of the availability of mandamus as a proper remedy when a breach of covenant in a deed to the agency of the State has been alleged. These same arguments were made in defendants' Petition for Rehearing which was denied by the Supreme Court in this case and we will, therefore, limit our review to defendants' argument on the merits.
[2] The provision in the deed in King was: "`Grantee shall supplement main Freeway pavement (23rd Avenue) with a parallel all-weather frontage road adjacent to grantor's abutting lands and extended to provide access for grantor only via said frontage road to establish point of access to main Freeway pavement located at Station 3490/94, (sic) being an extension of 13th Street of East Moline, Illinois.'"